WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Roy and Josie Fisher, et al., <br>     Plaintiffs, <br> v. <br> United States of America, <br>     Plaintiff-Intervenor, <br> v. <br> Anita Lohr, et al., <br>     Defendants, <br> and <br> Sidney L. Sutton, et al., <br>     Defendants-Intervenors, | CV 74-90  TUC DCB <br> (lead case) |
| Maria Mendoza, et al., <br>     Plaintiffs, <br> United States of America, <br>     Plaintiff-Intervenor, <br> v. <br> Tucson Unified School District No. One, et al., <br>     Defendants. | **ORDER** <br><br> CV 74-204 TUC DCB <br> (consolidated case) |

July 7, 2011, the Ninth Circuit Court of Appeals remanded this case for continued judicial oversight of the Tucson Unified School District (TUSD), until Defendant TUSD has

attained unitary status. The Ninth Circuit affirmed this Court's conclusion that the record could not support a finding that Defendant TUSD had demonstrated good faith compliance with the Consent Decree. It reversed this Court's finding that by adopting a Post Unitary Status Plan (PUSP), which was fashioned by a joint committee of the parties and experts to ensure public oversight of TUSD's ongoing desegregation efforts, TUSD attained unitary status. The Mandate issued on August 10, 2011.

On August 16, 2011, Plaintiffs Mendoza (Mendoza) requested a status conference and suggested that each party file a memorandum setting out its position as to how this matter should proceed.

On August 16, 2011, TUSD requested the case be referred to a mediator, either a Magistrate Judge or the 9th Circuit Mediation program, for a settlement conference. TUSD believes aspects of the PUSP must be revisited due to changes in TUSD's leadership, the PUSP was not designed for court oversight, it does not set forth a path for achieving unitary status, and the parties are not fully in agreement on its provisions. TUSD believes that appointment of a mediator will offer a forum where it can present to Plaintiffs a draft plan, proposed by TUSD, that will have as its goals the elimination of all vestiges of a segregated system and the attainment of unitary status within a reasonable time period.

On August 17, 2011, Plaintiffs Mendoza filed an objection to a settlement conference or appointment of a mediator. Mendoza accuses TUSD of trying to escape the judicial oversight mandated by the Ninth Circuit and charges that TUSD is attempting to circumvent the current remedial plan, the PUSP, especially its provisions for accountability.

On August 18, 2011, Plaintiffs Fisher (Fisher) objected to filing a memorandum outlining its procedural position until after the Court conducts a status hearing. Fisher objects to Defendant TUSD being given responsibility for drafting a new plan without any input from Plaintiffs because TUSD has acted in bad faith, even as to the PUSP. For example, TUSD has ignored even the most basic reporting requirements under the PUSP, it

failed to hire the internal compliance officer for more than a year and a half, failed entirely to hire an external compliance monitor, and continues to provide only limited disclosure of information on the distribution and expenditure of desegregation funds. TUSD has failed to make the periodic updates regarding the development of the site plans called for in the PUSP, failed to address the issue of under-representation in minority-student AP, Gifted programs and intercultural proficiency as well as disproportional suspensions and achievement as required in the PUSP. The Fisher members to the PUSP Committee complain that generally they have made repeated inquires and have received no replies from TUSD regarding various aspects of PUSP. Fisher strenuously objects to TUSD's abandonment of the PUSP or any downward departure from the minimal level of accountability found in the PUSP and envisions that a remedial desegregation plan should incorporate and increase specific obligations and accountability currently effective under the PUSP. Fisher calls for a desegregation expert to be appointed to guide the development and implementation of a desegregation plan.

The Court agrees with Fisher, but believes that an appointment of a Special Master, pursuant to the Federal Rules of Civil Procedure, Rule 53, is most appropriate to address effectively and timely this post-trial matter. Fed. R. Civ. P. 53(a)(1)(C) & (b)(2)(A). The PUSP was formally adopted by the TUSD Board and accepted by Order of this Court. Until a unitary status Plan is developed to replace the PUSP, it remains in place. A change in TUSD administration or Board membership does not invalidate it. The Court will require any desegregation plan to be designed similar to the PUSP in respect to transparency and accountability. The Court intends to move expeditiously within the next 30 days to appoint a Special Master, with expertise in the area of school desegregation.

The parties shall meet and confer regarding the appointment of a Special Master and should attempt to agree on the individual to be appointed. *See* Fed. R. Civ. P. R. 53(a)(2) (parties may stipulate to appointment of Special Master that is not a "totally disinterested"

party). Given the lack of good faith exhibited by TUSD in this case, the Court intends funding for the Special Master to be paid by TUSD, but the parties should agree on fee parameters and whether it is appropriate to pay the Special Master from desegregation money. If unable to agree on a Special Master appointment, each party shall propose at least two names of candidates for a Special Master, who will be charged to perform the tasks proposed below.

Additionally, the parties should attempt to agree on the provisions required to be in the contents of the Order of appointment, such as the scope of the reference, the issues to be investigated, the circumstances under which ex parte communication with the Court or a party will be appropriate, the time-frame and format for delivering the master's record of activities and final Report to the Court. Fed. R. Civ. P. R. 53(b)(2). The parties should consider whether or not to stipulate that the Special Master's findings of fact are to be accepted as final, leaving only questions of law for *de novo* review by the Court. Fed. R. Civ. P. R. 53(g)(4).

In order for the parties discussions to be more productive, the Court provides the following outline regarding requirements for the Special Master's Report. The Report will be the Plan for TUSD to attain unitary status proposed by the Special Master after considering the positions of all parties, including the Plaintiff-Intervenor the United States. *See Fisher v. Tucson TUSD,* 2011 WL 2806556, at *7 n. 24 (9th Cir. July 19, 2011) (noting that the United States expressed the view that TUSD had not attained unitary status). The Plan shall include specific substantive programs and provisions to be implemented by TUSD and an implementation time schedule including benchmark dates covering at least the initial completion of the Plan, implementation time schedules for all proposed Plan programs or provisions, review and revision deadlines, and identify the final unitary status deadline. The Plan must include review and evaluation criteria for each required program or provision.

The initial Plan shall include a recommendation, supported by findings of law and fact or stipulation of the parties, as to whether partial withdrawal of judicial oversight is warranted for any *Green* factor.

In addition to substantive program recommendations, the Report must include a financial plan. In addition to creating a unitary status Plan with financial integrity, the Plan should provide for public accountability through specific provisions for transparency which identify all funding sources, federal, state and local, and the amounts flowing to the Plan's specific components. The Plan shall include recommendations for budgetary oversight and reporting formats including a review schedule to ensure parents and students can see these dollars at work and identify Plan limitations that result from budgetary restraints.

The Special Master shall provide the initial Report to the Court, which will include the Unitary Status Plan, Supplemental Benchmark Reports and Review and Revision Reports, and a Final Unitary Status Report to the Court. In addition, the Supplemental Reports will make a finding as to whether the Plan is on schedule or if there have been delays, and if so, the Report shall explain the reason or cause for the delay and identify the responsible party, if there is one. Each Report will recommend any action to be taken by the Court.

The Special Master shall be paid by a schedule that is linked to finished products so that periodic payments are made at the completion of the initial Report, each Supplemental Report, and the Final Unitary Status Report, upon the Court's finding that a Report has met the requirements and criteria of the Special Master's appointment.

Finally to expedite the resolution of this case, all parties, including the Plaintiffs-Intervenors are directed to prepare briefs to be provided to the Special Master, which outlines their positions regarding any *Green* factors which are not at issue in this case where partial withdrawal of judicial oversight is appropriate and their positions regarding the adequacy of the PUSP as a starting point for the Plan and identify the areas in the PUSP

which should be incorporated, omitted , supplemented, and/or improved to make it a Plan for unitary status. The Plaintiff-Intervener, the United States, shall provide an explanation of its role in this case, specific to the preparation of the Unitary Status Plan and whether it can provide any special expertise to assist the Special Master and/or at a minimum assist in identifying an individual to serve as a Special Master in the case.

**Accordingly,**

**IT IS ORDERED** that the Request for a Status Conference (Doc. 1312) and Request for Direction by holding Status Conference (Doc. 1319) are DENIED.

**IT IS FURTHER ORDERED** that the Request for a Settlement Conference or Appointment of Mediator (Doc. 1313) is DENIED.

**IT IS FURTHER ORDERED** that within 5 days of the filing date of this Order, any party objecting to the appointment of a Special Master in this case shall file an Objection. Any Response shall be due within 5 days. There will be no Replies.

**IT IS FURTHER ORDERED** that within 20 days of the filing date of this Order the parties shall jointly file a Memorandum (Joint Memorandum) with the Court that identifies the Special Master stipulated to by the parties, or if the parties are unable to agree on an appointment, the names of individuals proposed for appointment as Special Master in the case.

**IT IS FURTHER ORDERED** that the curriculum vitae be attached for any individual proposed for appointment as Special Master in this case.

**IT IS FURTHER ORDERED** that the Joint Memorandum shall reflect whether the parties agree, and if not the differing positions of the parties as to the fee parameters for the Special Master and whether desegregation money may be used to pay the Special Master.

**IT IS FURTHER ORDERED** that within 30 days of the filing date of this Order the parties shall jointly prepare and file a proposed form of Order for the appointment of the Special Master, which satisfies the requirements set out in Fed. R. Civ. P. R. 53(b)(2) and

specifies whether the parties shall stipulate that the Special Master's findings of fact are to be accepted as final, Fed. R. Civ. P. R.53(f)(3).

**IT IS FURTHER ORDERED** that within 30 days of the filing date of this Order the parties shall prepare and file memoranda regarding the appropriateness of partial judicial withdrawal and memoranda regarding the adequacy of the PUSP. Each party may file one brief per subject which may not be longer than 15 pages. There will be no Responses or Replies.

**IT IS FURTHER ORDERED** that within 10 days of the filing date of this Order the Plaintiff-Intervenor shall file the brief requested by the Court.

DATED this 13th day of September, 2011.

David C. Bury
United States District Judge