**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| ROY and JOSIE FISHER, et al., | No. CIV 74-090 TUC DCB |
| Plaintiffs, | |
| UNITED STATES OF AMERICA, | |
| Plaintiff-Intervenor, | |
| vs. | **ORDER APPOINTING SPECIAL MASTER** |
| ANITA LOHR, et al., | |
| Defendants, | |
| and | |
| SIDNEY L. SUTTON, et al., | |
| Defendants-Intervenors, | |
| | |
| MARIA MENDOZA, et al., | No. CIV 74-204 TUC DCB |
| Plaintiffs, | |
| UNITED STATES OF AMERICA, | |
| Plaintiff-Intervenor, | |

1

vs.

TUCSON UNIFIED SCHOOL DISTRICT NO. ONE
et al.,

                    Defendants.

Pursuant to this Court's Order of September 14, 2011 (the "September 14 Order") and subsequent filings of the Plaintiff-Intervenor United States, Fisher Plaintiffs, Mendoza Plaintiffs and the Tucson Unified School District (collectively, the "Parties"); and

Dr. Willis Hawley having filed an affidavit pursuant to Rule 53(b)(3), Fed.R.Civ.P. indicating that there are no grounds for Dr. Hawley's disqualification under 28 U.S.C. §455;

It is hereby ORDERED that Dr. Willis Hawley is appointed as a special master pursuant to Rule 53, Fed.R.Civ.P, effective upon the filing of this Order.  This appointment shall be effective until such time as this Court terminates the appointment; this Court holds that the Tucson Unified School District (the "District" or "TUSD") has attained unitary status and terminates judicial oversight of the District; or the appointment is otherwise terminated pursuant to the terms of this Order.

In performing his duties, the Special Master shall proceed with all reasonable diligence.

It is ORDERED that the Special Master shall prepare the following reports and oversee the implementation of a Unitary Status Plan ("USP") as follows:

The Special Master shall (1) oversee the "Post Unitary Status Plan" ("PUSP") currently in force until such time as the USP is formulated; (2) formulate the USP based on

2

new and existing findings of fact in consultation with the Parties and in consultation with the Court to bring the District into unitary status; (3) oversee implementation of the USP; (4) make recommendations to the Court as to whether the District has complied in good faith with the USP and attained unitary status; and (5) formulate a new post unitary status plan to guide the District in maintaining constitutional compliance after the release of court supervision.

In addition, until such time as the USP has been approved by the Court, the Special Master shall consider and report on the following: (1) any act or policy of the District that any Plaintiff contends will deprive any student of equal protection of the law whether by intentional segregation or discrimination based on a student's race or ethnic group; and (2) any act and/or policy of the District which substantially affects the racial or ethnic balance in any school in the District and/or which is discriminatory because based on race or ethnicity of any students in the District schools.

Moreover, the District must provide the Special Master with notice and a request for approval of any of the following: attendance boundary changes; changes to student assignment patterns; construction projects that will result in a change in student capacity of a school or significantly impact the nature of the facility; building or acquiring new schools; proposals to close schools; and the purchase and sale of District real property. Plaintiffs will be provided with a copy of any such notice and request for approval.

Subject to any other briefing schedule that the Special Master may set in light of the particular circumstances, any Plaintiff may file an objection to such notice and request,

3

described above, within twenty (20) days of receipt of the notice; the District shall then have twenty (20) days from receipt of the objection(s) to respond.  After receipt of the District's response, the Special Master shall make a report to the Court setting forth proposed findings of fact and conclusions of law with respect to said notice.  This report shall be submitted to the Court as soon as reasonably practicable under the circumstances, but in no event more than 30 days after the matter is fully briefed.  The Court shall thereafter schedule additional briefing or enter an order, as appropriate.

**I.      Unitary Status Plan.**

The Special Master is to formulate a USP within 6 months after his appointment and the USP shall be included in an Initial Report to the Court, as discussed more fully below.

To assist the Special Master in his efforts, the District shall, within fifteen (15) days of the appointment of the Special Master, provide the Special Master and all Parties with a report on the status of implementation of the PUSP, with specific reference to each affirmative obligation thereunder.  Within thirty (30) days of the filing of the District's report, the Plaintiff-Intervenor United States, Fisher Plaintiffs and/or Mendoza Plaintiffs (collectively, the "Plaintiffs") may file a response.  In the event one of the Plaintiffs determines that additional information or data is required from the District to frame a complete response, that Plaintiff shall identify such additional information or data in its response and request, in writing, the additional information.  In the event the District declines to produce such additional information or data within fifteen (15) days, the Special Master shall determine whether such additional information is required and order that it be produced

within a reasonable time frame depending on the nature and scope of the information at issue. All parties shall have thirty (30) days after the disclosure of such additional information or data to make a supplemental filing.  Unless the Special Master so directs, there will be no further responses or replies to the report on the status of implementation of the PUSP.

In formulating the USP, the Special Master is to consider the parties' briefs regarding (1) the adequacy of the PUSP, including their identification of the areas in the PUSP which should be incorporated, omitted, supplemented, and/or improved in the USP; (2) any *Green* factors with respect to which the Parties believe partial withdrawal of judicial oversight is appropriate; and (3) the parties' submissions on the status of implementation of the PUSP.  In addition, the Special Master may solicit input from members of the community, including but not limited to school district employees, individuals who have served on the PUSP Committee or Independent Citizen's Committee, Plaintiffs' representatives, students, teachers, parents and other interested parties.

The USP shall include, at a minimum, the following:

1.      Specific substantive programs and provisions to be implemented by TUSD to address all outstanding *Green* factors and all other ancillary factors as recognized in the 1978 Stipulation of Settlement and any subsequent court orders and an implementation time schedule including benchmark dates and provisions for review and revision of programs and provisions if appropriate;

2.      Measurable standards of compliance, goals, timelines, interim benchmarks of progress, and structures for accountability and transparency;

5

3.      A financial plan that provides for financial integrity and public accountability through specific provisions for transparency which identify all funding sources, federal, state and local, and the amounts flowing to the USP's specific components;

4.      Recommendations for budgetary oversight and reporting formats including a review schedule to ensure parents and students can see these dollars at work and identify USP limitations that result from budgetary restraints;

5.      A schedule for reports to be prepared and filed by the District on the status of implementation that is tied to benchmark dates in the USP;

6.      A timeline for the filing of any objections to the District's reports together with a schedule for the filing of responses to those objections and for the Special Master to prepare findings and conclusions with respect to the objections. Regardless of whether a Plaintiff asserts an objection to any portion of a report, the parties expressly agree that the Special Master shall have the right and authority to question or comment upon any aspect of a District report and to request additional information from the District;

7.      A proposed timeline leading to unitary status after three full school years from adoption of the USP, subject to annual extensions by the Court for reason of unattained compliance by the District with the USP.

/////

6

## II.   Initial Report.

The Special Master shall file a report (the "Initial Report") six (6) months after the date of his appointment, which shall, at a minimum, include the following:

1.   Findings of fact and a report on the status of implementation of the District's obligations under the PUSP;

2.   The proposed USP as set forth in Section I, above, which the Court may adopt as proposed, modify or reject at the Court's discretion. In the event that the Court rejects the USP, the Special Master shall prepare a new USP for submission to the Court by a deadline established by the Court in the order rejecting the USP; and

3.   A recommendation, supported by specific findings of law and fact or stipulation of the parties, as to whether partial withdrawal of judicial oversight is warranted for any *Green* factor.

## III.   Ongoing oversight

1.   The Special Master shall utilize the information in any District reports, together with baseline data collected during the Initial Report phase and such other information as the Special Master deems necessary or appropriate from any source, to prepare annual reports as set forth below.

2.   After the filing of the Initial Report, the Special Master shall submit a report to the Court on the one-year anniversary of this appointment and at least annually thereafter setting forth in detail the District's efforts to implement the USP

7

and evaluating the District's compliance with its provisions (the "Status Report"). These reports shall include, at a minimum:

a.  A general statement of progress toward drafting and/or implementing the USP and problems encountered in these processes;

b.  An analysis of the quality of the District's efforts in implementing the USP;

c.  Evaluation of the effectiveness of programs and provisions established in the USP and recommendations for further review or revisions to these programs and provisions;

d.  Findings of fact as to the District's compliance with the USP's provisions;

e.  Findings of fact as to whether the District is on schedule for completion of the USP within the time frames established therein.  If the Special Master finds that there have been delays in implementation, the Status Reports shall explain the reason or cause for the delay and identify the responsible party, if any; and

f.  Recommendations for actions to be taken by the Court, if any, including but not limited to recommendations for Court action necessary to enforce compliance with the USP.

////

8

## IV.    Final Report to Court

The Special Master shall submit, in accordance with the time lines established in the USP, a final report to the court (the "Final Unitary Status Report") prior to the unitary status deadline set forth in the USP.  This Final Unitary Status Report shall include, at a minimum:

1.    Findings of fact as to whether the District has fully implemented the programs and activities required by the USP.

2.    Findings of fact as to whether the District has eliminated the vestiges of the dual system.

3.    Recommendation to the Court as to whether unitary status should be granted and judicial oversight terminated.

4.    A proposed post unitary plan, developed in consultation with the Parties, to ensure the future good faith operation of the District in accordance with constitutional principles.  The Parties shall have the opportunity to file objections to this proposed plan, respond to any such objections, and any disputes shall ultimately be adjudicated by the Court prior to the grant of unitary status.

## V.    Scope of Special Master's Authority

The Special Master shall have the authority to make findings of fact, which shall be included in the Initial Report, Annual Reports, Final Unitary Status Report and in such other cases as the Special Master deems appropriate.

1. The Special Master's findings of fact shall be subject to review by the Court upon objection to such findings by any Party.

2. The Special Master may make recommendations with respect to conclusions of law (hereafter "recommendations"), but any such conclusions shall be subject to review by the Court upon objection to such conclusions by any Party.

3. All reports prepared by the Special Master and filed with the Court shall be simultaneously copied to counsel of record for all Parties.

4. The Parties shall have the right to object to findings of fact or recommendations and to any substantive provisions in any proposed plans in the Special Master's reports, on the following schedule:

   a. Any objections must be filed within thirty (30) days of said report being filed with the Court;

   b. The parties and the Special Master shall file Responses to the Objections or to revise any proposed plan within twenty-one (21) days from the filing of any such objections or, in the case of any filings for which public comment is permitted, from the close of such public comment period, to file comments or responses to the objections or to revise any proposed plans;

   c. The Parties shall have twenty-one (21) days after the filing of the Responses to file Replies.

10

d.     Thereafter, the Court will take such action as the Court deems appropriate based upon the findings and recommendations and the Objections, Responses, Replies, and any public comments thereto.  Notwithstanding anything to the contrary in this Order, the Court may reject or modify any finding or recommendation of the Special Master, regardless of whether any Party filed an objection.

5.     The Special Master shall make available to the public for comment the initial Unitary Status Plan filed within 6 months of his appointment and the final Unitary Status Plan filed with the Final Unitary Status Report on the same day that the Special Master files the plans with the Court.  The public will have forty-five (45) days from the date the plans were filed with the Court to provide comments to the Special Master.  The District shall ensure at least one public forum is held during this special comment period, with notice to be given to the public in a time and manner as agreed to by the Parties or as directed by the Special Master. Public comments may be submitted via any medium generally accepted by the Court, including, but not limited to, oral, written, and electronic. The Special Master will make copies of all public comments available to the Parties.  The Special Master shall have the right to comment on and/or revise the proposed plan in response to public comment and the Parties shall have the right to comment on such public comment pursuant to the schedule set forth above in Section V, Paragraph 4.

/////

11

## VI. Compensation

The Special Master shall be compensated by the District, pursuant to this Court's Order dated September 14, 2011.

1. The Special Master shall be compensated at the rate of $ 250.00 per hour, not to exceed $ 2000.00 for any day. It is anticipated that days spent traveling or working "on-site" (in Tucson) will be compensated at the daily rate.

2. The Special Master shall be reimbursed for reasonable expenses incurred in connection with his duties, including but not limited to reasonable travel expenses, copying expenses, long distance telephone and facsimile charges and other such ordinary expenses as may be incurred in connection with his duties.

3. The Special Master shall submit monthly invoices detailing time spent and reimbursable expenses incurred during the previous month (the "Application for Payment"). The Applications for Payment shall be submitted to the District Finance Department and shall be paid within thirty (30) days of submission. Copies of the Applications for Payment shall be sent to the Parties.

a. The Parties shall have an opportunity to object to any Application for Payment within ten (10) days of filing, or any such objection shall be deemed waived. The Special Master shall thereafter have (10) days to respond to any such objections, and the Court shall thereafter rule on the Application.

12

b.      Once the Court has ruled, the District shall pay the amount approved by the Court within thirty (30) days.

4.      Any disputes concerning compensation of the Special Master shall be submitted to this Court for resolution.

## VII.   Additional Staff and Clerical Support; Retention of Experts

The Special Master's hourly and daily rate, as set forth above, shall include any ordinary staff and clerical support.  If there is a need for extraordinary staff support or expert assistance, the Special Master shall advise the parties.

1.      If the Special Master identifies the need for extraordinary staff support or expert assistance, the Special Master shall notify the Parties in writing of the names of the individuals to be retained and appointed, the purpose for their retention and appointment, the scope of services for which they are to be retained and appointed and the cost of retaining each one.

2.      In the event the Parties agree to the individuals to be retained under this section, they shall enter into a stipulation stating such and file it with the Court for entry of an appropriate order making the appointment.

3.      The Parties agree that the Special Master shall consult with Dr. Leonard Stevens and Dr. Gary Orfield on issues related to student assignment, including but not limited to the implementation of the pilot student assignment plan pursuant to the PUSP and the development of any student assignment plan that may be proposed in the

13

USP or the Final Unitary Status Plan. The Special Master may also consult with Dr. Leonard Stevens and with Dr. Gary Orfield on any other issues the Special Master deems appropriate.

4.    In the event the Parties do not agree (i) that additional assistance is required, (ii) on the individuals to be retained and appointed, (iii) on the purpose or scope of service of such assistance, (iv) that a particular individual requested by the Special Master is qualified or otherwise suited for the position, or (v) to the cost of retaining or appointing the individuals, that Party shall notify the Special Master in writing of its opposition within 10 days of the Special Master's written notification.

5.    The Special Master may file a request with the Court within 10 days of receiving any Party's opposition for an order approving such additional support and for additional compensation as necessary.    The request shall be specific as to the assistance required, the individual to be retained and appointed and his scope of services, including any reasons that a particular individual expert requested by the Special Master is qualified or otherwise suited for the position, and the amount of compensation sought for such assistance.

6. The Parties shall have ten (10) days to object to the request and the Special Master and any party supporting the additional services and/or the appointment shall have five (5) days thereafter to respond to such objections.  Any objection must state with specificity the reason for the objection, including any reasons that a Party believes

14

that a particular individual requested by the Special Master is not qualified or otherwise suited for the position. There shall be no replies.

7. The Court may thereafter enter an order either approving or denying the request filed by the Special Master and approving or denying the level of compensation sought by the Special Master for such assistance.

The Special Master is encouraged to work collaboratively with the District and its Superintendent in the interest of furthering effective formulation and implementation of the USP. The Special Master may make recommendations to the District, through the Superintendent, on matters of implementation and compliance with the USP, so long as the Special Master does not engage in actual implementation activities. The Special Master may prescribe formats for the District to use in providing information and data to the Special Master, and to the extent practical and possible, utilize District resources for the gathering and collection of data. This shall in no way be intended to limit the Special Master's authority to seek independent assistance in the review and analysis of such data or to order the District to provide additional data as needed.

## VIII.  Access and Communications

1.     The Special Master may engage in ex parte communications with the Parties, counsel or the Court, and may have ex parte communications with Party representatives or employees outside the presence of counsel.

2.     The Special Master shall have unfettered access to District staff, the Governing Board members, schools, and District data and information. The District

15

will respond promptly to the Special Master's requests for information. The Special Master may communicate directly with District personnel (i.e. without counsel present). The District may designate a "point person" to assist the Special Master and to coordinate communications with other District employees.

3. Any communications with school staff (teachers, office staff, support staff, etc.) during employees' contract hours shall be coordinated through the site principal. This is not intended in any way to limit such communications, and the principal need not be present during any meetings with site staff. This is intended only to ensure that the orderly functioning of the school is not unduly disrupted.

4. Any party requesting data or information from the District shall direct those requests through the Special Master, and the Special Master shall make any information gathered in response to such requests available to all parties.

## VIII. Termination of Special Master

If not sooner terminated pursuant to this Article VIII, the Special Master's appointment shall end when this Court grants unitary status and terminates court oversight. The Special Master's appointment may end sooner in the event of one of the following:

1. The Special Master may resign at any time upon sixty (60) days' notice.

a. The Special Master shall give notice of such resignation to the Court and all parties specifying the effective date of the resignation.

16

b.      The Special Master shall cooperate fully as necessary and as directed by the Court prior to the effective date of said resignation.

c.      If there are any incomplete work products as of the effective date of the resignation, the Special Master may submit an Application for Payment for any time expended, and the parties shall have the opportunity to object to said Application for Payment as set forth in Section VI above.

2.      Any of the parties may move for dismissal of the Special Master at any time.  The motion for dismissal must include a statement of the alleged cause for said removal and the party's proposal for a new special master or other proceedings in lieu of a new special master appointment.

3.      The parties and the Special Master shall have twenty (20) days to respond to the motion to dismiss the Special Master;

4.      The moving party shall have ten (10) days to reply; and

5.      The Court shall thereafter enter its ruling.

## IX.   Amendment of this Order

This Order may be amended at any time upon notice to the parties with an opportunity to be heard.

/////

/////

/////

17

## XI.    Special Master's Testimony

Only this Court can require the Special Master to testify, orally or in writing, in any proceeding relating to this matter.

Dated this 5th day of January, 2012.

David C. Bury
United States District Judge

18