**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Roy and Josie Fisher, et al.,<br><br>        Plaintiffs,<br>v.<br><br>United States of America,<br><br>        Plaintiff-Intervenor,<br>v.<br><br>Anita Lohr, et al.,<br><br>        Defendants,<br>and<br>Sidney L. Sutton, et al.,<br><br>        Defendants-Intervenors,<br>_____<br>Maria Mendoza, et al.,<br><br>        Plaintiffs,<br><br>United States of America,<br><br>        Plaintiff-Intervenor,<br>v.<br><br>Tucson Unified School District No. One, et al.,<br><br>        Defendants.<br>_____ | CV 74-90  TUC DCB<br>(lead case)<br><br><br><br><br><br><br><br>**ORDER**<br><br><br><br><br>CV 74-204 TUC DCB<br>(consolidated case) |

On November 1, 2013, the Special Master filed a memo, which this Court has directed the Clerk of the Court to file and docket as: Report and Recommendation (R&R): Fisher Objection to Action Plan, VII(B)(2), District's Guidelines for Student Rights and Responsibilities (GSRR). The Special Master's R&R reflects that Plaintiffs Fisher are the only objecting party. The Special Master provided the Court with all of the parties' comments directed to the Special Master during the 30-day comment period. The Court has reviewed the comments and considers them "with respect to the item(s) in issue" in the Fisher Plaintiffs' objections. To the extent the redlined GSRR drafts were overly inclusive, the Court did not consider them. The matter is considered fully briefed and ready for disposition by the Court. USP § I(D)(1).

Student discipline, i.e., suspension and expulsion, was a *Green* factor expressly addressed in the original 1978 Stipulation of Settlement. The Court recalls that impediments to finding the District had attained unitary status in 2008 included its failure to train its teachers and administrators on an ongoing basis for the successful implementation of the various aspects of the Stipulation of Settlement and its failure to review and revise programs, on an ongoing basis, depending on the effectiveness of the various programs. (Order (Doc. 1270) at 33-37.) It failed in both regards in respect to student discipline policies and procedures. *Id.* at 36-37.) These failures were especially discouraging in the area of student discipline policies and procedures because there was some progress made initially, pursuant to the Stipulation of Settlement, but then progress languished for the remainder of the 20 some years the 1978 Stipulation of Settlement governed the District. *Id.* at 33-37.

The Fisher Plaintiffs ask the Court to consider the issue of Discipline, the District-Wide Policies and Practices: Guidelines for Student Rights and Responsibilities. USP (Doc. 1450) § VI(B)(2). The USP provides:

> a. By April 1, 2013, the District shall, in consultation with an external consultant experienced in implementing the behavior approaches described above, evaluate and revise the Guidelines for Student Rights and Responsibilities ("GSRR") to: (i) limit exclusionary consequences to

2

instances in which student misbehavior is ongoing and escalating, and the District has first attempted and documented the types of intervention(s) used in PBIS and/or Restorative Practices, as appropriate; (ii) require the administration of consequences that are non-discriminatory, fair, age-appropriate, and correspond to the severity of the student's misbehavior; (iii) require that consequences are paired with meaningful instruction and supportive guidance (*e.g.*, constructive feedback and reteaching) to offer students an opportunity to learn from their behavior and continue to participate in the school community; and (iv) require that law enforcement officers, including School Resource Officers, School Safety Officers, and other law enforcement and security personnel who interact with students, are not involved in low-level student discipline. Plaintiffs and the Special Master shall receive copies of the revised GSRR for review and comment pursuant to Section (I)(D)(1). None of these revisions shall prevent school personnel from protecting student safety as appropriate.

b. By July 1, 2013, the District shall, in consultation with relevant experts, evaluate and revise, as appropriate, its due process protections for student discipline (*i.e.*, Governing Board Policy JKR1 through JK-R4-E4 and JKA through JKAB), to ensure that students and parents are provided with a fair, impartial, and language-accessible proceeding which complies with applicable state and federal law before exclusionary discipline or punishment is imposed, as well as an opportunity to appeal. Should the District determine that changes are needed to its due process protections for student discipline, it shall propose changes to these policies. Plaintiffs and the Special Master shall be provided with copies of the proposed changes for review and comment before they are finalized pursuant to Section (I)(D)(1).

c. All District schools shall implement the revised GSRR. Any disciplinary actions shall be aligned to the GSRR standards, and comport with Restorative Practices and PBIS.

The Court has reviewed the objections filed by Plaintiffs Fisher, and agrees with the Special Master that they can be addressed in the not yet developed regulations governing implementation of the GSRR by teachers and administrators. The Court adopts the Special Master's recommendations addressing these concerns. The Court directs the Special Master to monitor the District in respect to the GSRR to ensure compliance with the training of educators and administrators related to the GSRR in the USP, to ensure that <u>the District is monitoring</u> its administrators, including the school principles, in their performance of their duties and responsibilities in implementing the GSRR at each school, and to ensure that the student body and parents are informed regarding the GSRR in the most effective manner.

1  The Special Master suggests that the issues raised by the Fisher Plaintiffs can be revisited at
2  the end of the academic year.  The Special Master shall, therefore, file a supplement to the
3  Report and Recommendation at the end of this academic year.
4      **Accordingly,**
5      **IT IS ORDERED** that the Report and Recommendation (Doc.1509) by the Special
6  Master is adopted by the Court.
7      **IT IS FURTHER ORDERED** that within 60 days of the end of this academic year,
8  the Special Master shall file a Supplemental Report & Recommendation and revisit each of
9  the Fisher Plaintiffs' objections.
10     DATED this 20th day of November, 2013.

David C. Bury
United States District Judge