**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Roy and Josie Fisher, et al., ) | |
| Plaintiffs, ) | |
| v. ) | |
| United States of America, ) | |
| Plaintiff-Intervenor, ) | |
| v. ) | |
| Anita Lohr, et al., ) | CV 74-90  TUC DCB |
| Defendants, ) | (lead case) |
| and ) | |
| Sidney L. Sutton, et al., ) | |
| Defendants-Intervenors, ) | |
| _____ ) | **ORDER** |
| Maria Mendoza, et al., ) | |
| Plaintiffs, ) | |
| United States of America, ) | |
| Plaintiff-Intervenor, ) | CV 74-204 TUC DCB |
| v. ) | (consolidated case) |
| Tucson Unified School District No. One, et al., ) | |
| Defendants. ) | |
| _____ ) | |

On November 22, 2013, the Special Master provided a Report and Recommendation (R&R) to the Court regarding the University High School Admissions Process Revision (UHS Admissions Process), due pursuant to the Unitary Status Report (USP) § V(5)(a) on October 1, 2013. (R&R (Doc. 1519), *See also* (Order (Doc. 1510) (clarifying expedited review procedures for Special Master Report and Recommendation)).

He is concerned regarding the District's proposal to use an untested student test of motivation, the Children's Academic Intrinsic Motivation Inventory (CAIMI), as an admission tool for University High School (UHS). The Special Master charges that the District ignored the opinions of experts from other "exam" schools, like UHS, who said that it is important to take a holistic approach to foretelling student success, rather than basing admission solely on test scores. In addition to test scores, the exam schools surveyed by the District used non-cognitive measures such as a student's participation in exceptional activities, evidence of extra effort, leadership and personal qualities, student essays, teacher recommendations, pre-selection committee reviews, and school advocacy tools. (R&R (Doc. 1519 ), Ex. A: UHS Admissions Process Revision, Attachments A and K.) The goal of the non-cognitive measurements is "to surface non-traditional students," including minority students, who may not perform on standardized testing in accordance with their abilities to perform well as students. *Id.*, Attachment K: Franklin Memo at 1. The UHS Admissions Internal Working Group, responsible for revising the UHS Admissions Process, believed "that the use of interviews, personal essays and/or staff recommendations could inject subjectivity into the process, and could reduce the transparency and consistency of the admissions." (R&R (Doc. 1519), Ex. A: UHS Admissions Process Revision at 4.)

The District has intentionally decided to not use the methodologies suggested by the experts because they are subjective, whereas the CAIMI is an objective cognitive measurement. This cognitive "motivational" test would be used as an additive score to the standardized entrance exam, Cognitive Abilities Test (CogAT), and student Grade Point

2

Average (GPA). Both the student's GPA and the CogAT, which is an IQ-like test, scores translate to a single weighted score. A student must score 50 points to qualify for admission. The CAIMI entrance exam could add an additional 5 points. The idea is that more students could qualify for admission to UHS by obtaining 5 more points. This is an across the board increase in eligibility.[1] The District estimates that over three schools years, 2010-11, 2011-12, and 2012-13, the 5 points would have increased qualified students as follows: Anglo students by 35%; Black Students by 5%, and Hispanic students by 53%. By its own admission any increase resulting from CAIMI for Black students is negligible.

The Court notes that the information regarding CAIMI contained in the UHS Admissions Process Revision, is limited to interview notes for Dr. Lannie Kanevsky, as follows:

> What are we trying to measure? Resilience definition: a) "persistency" - "adapt" to challenging situation; "stick to itness"; "support" b) "resourcefulness.
>
> Explained that split in the literature between "positive" vs. "clinical" – identifying positive strengths within teachers vs. using it to identify at-risk students for interventions. Such measures have been used to analyze medical school applicants in Canada.
>
> Resources: Ordinary Magic: Resiliency practices in development – Marsten; Mind Set Currently studies "character"; mentioned Andrew work.
>
> Measure: Measure of Academic Intrinsic Motivation – Godfried/Godfried: Children's Academic Intrinsic Motivation Inventory– Mind Set

The District represents that the general consensus among the experts they surveyed regarding analysis of current "Exam School" best practices reflects the "general consensus" that the use of multiple and varied methods of analyzing students for the basis of admissions yields a more complete picture of the students and is deemed a best practice. (R&R (Doc. 1519), Ex. A: UHS Admissions Process Revision at 6). The District's UHS Admissions

---

[1] The admission provisions will not change the rigorous UHS curriculum, but will make the rigorous curriculum available to a more diverse student body.

3

Process Revision does not meet the best practices, which are readily available from the survey schools for implementation in the District as recommended by the Special Master.

The Special Master recommends that the District not rely on the CAIMI until the District can discern that it will result in identifying Black and Hispanic students, who fall just below the eligibility cut-off based solely on test scores, but will be successful students at UHS. In the mean time, the District should implement the use of student essays and non-cognitive measures being used by the survey schools to "surface" non-traditional students. The Court agrees. Nothing in the Special Master's recommendation precludes the District from pursuing CAIMI, as an objective measurement of success that will perform equal to the non-cognitive devices currently in use by exam schools like UHS. Nothing precludes the District from using the CAIMI if future study reflects its merit to measure student success. The Court finds that the recommendations of the Special Master can be implemented by the District by January 15, 2014.[2]

Importantly, the Court notes the District's suggestion that factors having the most impact on diversity of schools, were expanding the school, improving recruitment, and improving feeder pattern educational practices. *Id.* This cannot be an excuse to ignore improvements in student diversity which can be achieved pursuant to the UHS Admissions Process Revision. Additionally, the Court will look closely at the District's recruitment plans and whether the district improves feeder patterns relative to feeding them into UHS. The Plaintiffs may reurge any concerns regarding the District's commitment to recruitment.

The Court agrees with the District proposal for a multi-year process "for implementation and analysis of UHS admissions, in collaboration with the Plaintiffs and the Court." The Special Master's recommendations do not prevent the District from conducting a two-year pilot program to establish the merits of CAIMI, but ensure that in the mean time,

---

[2] Any timing problems for the District are of its own making. (R&R (Doc. 1519) at 4-6.) The District cannot on one hand argue timing constraints and on the other seek further briefing and oral argument on the subject.

the best practices known today will be implemented for the students seeking admission at UHS today.

**Accordingly,**

**IT IS ORDERED** that the Special Master's Report and Recommendation Re: UHS Admission Process Revision, USP § V(5)(a), (Doc. 1519), is adopted by the Court.

**IT IS FURTHER ORDERED** that by January 15, 2014, the District shall develop student essay questions and non-cognitive measures for the UHS Admission Process.

**IT IS FURTHER ORDERED** that the District shall comply with the Special Master's recommendations by choosing any of his proposed alternatives as a course of action.

**IT IS FURTHER ORDERED** that the District's Request for Authorization to Respond to the R&R of the Special Master Re: UHS Admissions and for Oral Argument (Doc. 1504) is DENIED.

**IT IS FURTHER ORDERED** that the Objection and Response to Special Master's Report and Recommendations Regarding University High School (Doc. 1518), which exceeds, without leave, the 17-page limit for memorandum is STRICKEN.

DATED this 16th day of December, 2013.

David C. Bury
United States District Judge