# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Roy and Josie Fisher, et al., | |
|     Plaintiffs, | |
| v. | |
| United States of America, | |
|     Plaintiff-Intervenor, | |
| v. | |
| Anita Lohr, et al., | CV 74-90  TUC DCB |
|     Defendants, | (lead case) |
| and | |
| Sidney L. Sutton, et al., | |
|     Defendants-Intervenors, | |
| _____ | **ORDER** |
| Maria Mendoza, et al., | |
|     Plaintiffs, | |
| United States of America, | |
|     Plaintiff-Intervenor, | CV 74-204 TUC DCB |
| v. | (consolidated case) |
| Tucson Unified School District No. One, et al., | |
|     Defendants. | |

R&R: Evaluation of Teachers and Principals and Special Master's 2014 Annual Report

On August 28, 2014, the Special Master filed a Report and Recommendation (R&R (Docs. 1659/1666)) that TUSD be directed to prepare an Action Plan for USP § IV.H: Evaluation of Teachers and Principals. This R&R correlates to his First (2014) Annual Report (Doc. 1641), which reflects that review of teacher and principal evaluation procedures is "delayed." TUSD objects, here and there, because it asserts it has completed the requirements called for in the USP for teacher and principal evaluations. At issue is Section IV, Administrators and Certified Staff, subsection H, Evaluation, which provides:

> By July 1, 2013, the District shall review, amend as appropriate, and adopt teacher and principal evaluation instruments to ensure that such evaluations, in addition to requirements of State law and other measures the District deems appropriate, give adequate weight to: (i) an assessment of (I) teacher efforts to include, engage, and support students from diverse racial, ethnic, cultural, and linguistic backgrounds using culturally responsive pedagogy and (II) efforts by principals to create school conditions, processes, and practices that support learning for racially, ethnically, culturally and linguistically diverse students; (ii) teacher and principal use of classroom and school-level data to improve student outcomes, target interventions, and perform self-monitoring; and (iii) aggregated responses from student and teacher surveys to be developed by the District, protecting the anonymity of survey respondents. These elements shall be included in any future teacher and principal evaluation instruments that may be implemented. All teachers and principals shall be evaluated using the same instruments, as appropriate to their position.

According to TUSD, they completed these tasks by July 1, 2013. *See* (TUSD July 2013 Status Report at 25) (reporting it developed an evaluation instrument, which was piloted in the Fall of 2012, and failed because it did not meet state requirements; then explored alternative instruments beginning December 2012, selected an evaluation instrument February 2013; analyzed alternatives, considered state and USP requirements, with Board approving both instruments and staff training to begin May 2013 to be ongoing throughout SY 2013-2014).

TUSD's position is contrary to the August 1, 2014, Final Approval Scheduled in the Revised Implementation Addendum, filed by TUSD on June 20, 2014. TUSD, however, noted there that "the parties disagree on whether Teacher Evaluation Procedures and

2

Principal Evaluation Procedures require the development of an Action Plan subject to USP § I.D1 review. The General Provisions section of the USP requires: "In addition to all specific reporting requirements identified herein, for all new or amended plans, policies, procedures, or other significant changes contemplated pursuant to this Order, the District shall solicit the input of the Special Master and the Plaintiffs and submit such items for review before they are put into practice or use." (USP (Doc. 1713) § I.D.1.) The teacher and principal evaluation procedures at issue in this R&R are new and will involve significant changes contemplated to implement the USP, such as basing evaluations on effective efforts to include, engage, and support students from diverse racial, ethnic, cultural, and linguistic backgrounds using culturally responsive pedagogy. Therefore, pursuant to the express and unambiguous terms of the USP, the Special Master and the Plaintiffs "shall" have an opportunity to review and provide input regarding Teacher Evaluation Procedures and Principal Evaluation Procedures. The Special Master and the Mendoza Plaintiffs seek an Action Plan allowing for their review and input prior to Final Scheduled Approval by the Board.

The District attempts to limit Action Plans to items in the USP expressly referred to as plans in the USP. This distinction fails. *See* (SM R&R (Doc. 1659/1666) at 4 (adding Technology Condition Index, a Facilities Condition Index, student outreach and recruitment, a comprehensive boundary plan and an equitable extra-curricular activities plan). The Court notes that an Action Plan is required for USP § VI.B.2.a, Guidelines for Student Rights and Responsibilities, which is drafted similarly to subsection IV.H for Teacher and Principal Evaluation Procedures. Both set an April 1, 2013, deadline for TUSD to develop guidelines/procedures to be applied by the District to attain an express goal under the USP, without labeling or referring to these new guidelines/procedures as a "plan." In actuality, the distinguishing feature for provisions in the USP which require Action Plans is that they all

3

require TUSD Board approval. It is undisputed that the Teacher and Principal Evaluation Procedures required Board approval and were approved by the Board.

The dispute arises because TUSD has not afforded the Plaintiffs and Special Master an opportunity to review and provide input regarding the Teacher and Principal Evaluation procedures. According to the June 20, 2014, Stipulated Revised Implementation Addendum: "The Final Approval Scheduled dates reflect the date when the TUSD board or leadership approved a plan where the plaintiffs had the opportunity to comment/object (or already provided comments/objections) pursuant to USP § I.D.1." (Doc. 1627) at 6 (the document was not page numbered so the Court refers to the CM/ECF page number). According to the Special Master's R&R, filed August 28, 2014, (Docs. 1659/1666), he asks the Court to direct TUSD to submit its Action Plan for USP § IV.H: Teacher and Principal Evaluations, including submitting the procedures to Plaintiffs and the Special Master for review and comment and subsequent Board Approval. The Court so orders.

For the reasons explained above the Court rejects TUSD's objection to the Special Master's 2014 Annual Report wherein it reflects that Teacher and Principal Evaluations have been delayed. TUSD complains that the Special Master used only excerpts from Part I, Action Plans, from the Implementation Addendum in his Annual Report and, therefore, his Annual Report is inconsistent with the parties' agreed revised Implementation Addendum. "TUSD objects to the Special Master having included any altered language in his Status Report and any that has been added or omitted . . . and knows of no reason why the parties' prior agreement should have been altered." (TUSD Objection (Doc. 1661) at 2.) The stipulated Revised Implementation Addendum setting deadlines for the various Action Plans has not been altered by the Special Master's Annual Report, addressing each Action Plan. The Special Master is free to use any logical format he chooses for the Annual Report and to use information from any logical source.

TUSD asks the Court to strike the Special Master's reference in the 2014 Annual Report of continuing problems obtaining information from the District in a timely and effective way. The Court finds the record accurate as reflected in the Special Master's report and Mendoza Plaintiffs' memorandum, (Response (Doc. 1680) at 27), but the issue is moot given this Court's Order, issued August 28, 2014, wherein it gave authority to the Special Master to oversee information requests by Plaintiffs and timely and effective responses by TUSD.[1]

The Court finds that the parties have adequately stated their respective positions in their memoranda, either objecting or supporting, the Special Master's 2014 Annual Report. The Special Master may not have included all the information in his 2014 Annual Report that TUSD believes he should have included, but TUSD's memorandum provides the additional information for the record. (TUSD Objection (Doc. 1661) at 2-7.) Both TUSD and the Department of Justice (DOJ) object to the Introduction in the Special Master's Annual Report, which includes reference to design principles underlying the USP because these are not the constitutional standards by which unitary status will be determined. The Court agrees with the Mendoza Plaintiffs that the Special Master simply expressed the same idea in different words[2] than those used by the DOJ in its objection, as follows: "The USP includes numerous specific remedies to address the vestiges of segregation within the District and ensure that a dual system does not persist. These remedies have the benefit of being

---

[1] The Court is not vested in any particular procedure as long as it ensures timely exchange of information between the parties so that disputes can be brought to the Court in a timely and effective manner. The Court's procedures shall remain in place unless an equal or more effective alternative is proposed and approved by the Court.

[2] *Compare*: "This USP is a comprehensive desegregation plans (sic) that embodies not only legal principles related to remedying the vestiges of past segregation and discrimination but also research on the characteristics of school districts committed to continuous school improvement that enhances educational opportunities and outcomes for all students." (SM 2014 Annual Report (Doc. 1641) at 1.)

informed by many years of research and academic scholarship into educational excellence and school improvement." (Mendoza Response (Doc. 1680) at 8 (quoting (DOJ Objection (1662) at 3)).

The Court finds no need to edit the Special Master's 2014 Annual Report; it shall stand as he has chosen to file it, with the parties' positions clearly stated in the respective memorandum: TUSD Objection (Doc. 1661); DOJ Objection (Doc. 1662); Mendoza Plaintiffs' Response (Doc. 1680); SM Response to Objections (Doc. 1681); TUSD Reply to Mendoza (Doc. 1703), and TUSD Reply to SM Response (Doc. 1704).

**Accordingly,**

**IT IS ORDERED** that the Court adopts the recommendation contained in R&R (Doc. 1659/1666) that, within 20 days of the filing date of this Order, TUSD shall provide the Plaintiffs and Special Master with Teacher and Principal Evaluation Action Plans.

**IT IS FURTHER ORDERED** overruling the objection filed by TUSD to the Special Master's First Annual (July 2014) Report (Doc. 1641), wherein it reflects the review of Teacher and Principal Evaluation procedures has been delayed, ¶¶ 18, 18a, 18b.

**IT IS FURTHER ORDERED** denying the request to strike portions of the Introduction to the Special Master's Annual (2014) Report or to amend the Annual Report to reflect the Implementation Addendum verbatim.

**IT IS ORDERED** that the Implementation Addendum, adopted by the Court on March 19, 2014, (Docs. 1571 and 1574), is amended pursuant to the Revised Implementation Addendum filed on June 20, 2014, (Doc. 1627), including the projected Final Approval deadline of August 1, 2014, for both Teacher Evaluation Procedures and Principal Evaluation Procedures. Within 14 days of the filing date of this Order, TUSD shall file *nunc pro tunc*

/////
/////

as of June 20, 2014, the Revised Implementation Addendum in its entirety so that it includes the Overview and Part I revisions and Part II.

DATED this 28th day of January, 2015.

David C. Bury
United States District Judge