**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Roy and Josie Fisher, et al., <br>　　　　Plaintiffs, <br>　v. <br>United States of America, <br>　　　　Plaintiff-Intervenor, <br>　v. <br>Anita Lohr, et al., <br>　　　　Defendants, <br>　and <br>Sidney L. Sutton, et al., <br>　　　　Defendants-Intervenors, | CV 74-90 TUC DCB <br>(Lead Case) |
| Maria Mendoza, et al., <br>　　　　Plaintiffs, <br>United States of America, <br>　　　　Plaintiff-Intervenor, <br>　v. <br>Tucson Unified School District No. One, et al., <br>　　　　Defendants. | CV 74-204 TUC DCB <br>(Consolidated Case) |

# **REPORT ON STATUS OF MAGNET SCHOOLS**

### **I.   Purpose**

On January 16, 2015, the Court issued an order that directed the Special Master to report to the Court following the 40th day of the 2015-26 school year regarding the extent to which magnet schools and programs have met the goals set in their magnet plans for achieving integration.  Fourteen of the twenty magnet schools and programs that are in operation are racially concentrated (more than 70 percent one race and no more or less than 15 percent of the district-wide racial composition at each school type).  Of these, six magnets are between 70 and 75 percent Latino.  All but one of the magnet schools and programs that were racially concentrated at the time that the USP was approved by the Court remain racially concentrated.

As required by the Court's January order, the Special Master is hereby making recommendations related to whether schools that have not met their goals for integration should retain magnet status.  In summary, the recommendation is that decisions about removing magnet status should be deferred until the 2016-17 school year while affirming that there should be no uncertainty in the future about the responsibility of the District to meet the criteria for magnet status set forth by the Court.

Excluded from this report are some magnet schools and programs that are racially concentrated and included are schools and programs that appear vulnerable to losing magnet status in the near future because of the low academic achievement of their students even though they made their integration goals this fall.  Specifically, the Special Master has excluded two highly rated A schools – Carrillo and Drachman – because recent trends and the quality of the schools hold promise for eventual integration.  Also excluded are Davis and Roskruge because both are dual language schools and should be sustained because dual language is a priority in the USP.  It may be that retaining magnet status for these schools is not warranted but the District

should have time to develop policies that would ensure the continuation and quality of these programs, both of which have a B rating. Tully Elementary is technically a magnet school but is in the process of being converted to a self-contained GATE program in response to provisions of the USP to increase access to Advanced Learning Experiences for African-American and Latino students. Cragin Elementary will be withdrawn from magnet status by the District at the end of this school year. Cragin and Tully are both integrated.

Thus, these recommendations focus on the seven magnet schools and programs that could lose magnet status because they did not meet integration benchmarks this year and four additional schools that could lose magnet status if they do not achieve B status as provided for in the January court order. The schools and programs that are having difficulty meeting their integration goals are Bonillas, Cholla, Ochoa, Pueblo, Robison, Safford and Utterback. The four schools rated as C or D but having met their integration goals are Booth-Fickett, Borton, Mansfield and Holladay.

## II.     Context

Among its provisions, the Court's January order required the District to develop detailed plans for each school and program setting specific goals for integration and academic achievement with benchmark dates by which time those goals could be achieved. Seven magnet schools and programs did not meet their integration benchmarks (recall that six magnet schools are excluded from this analysis for reasons outlined in the first section of this report).

In preparation for the development of this report, the Special Master met with the principals and some staff in ten of the magnet schools. During these visits he was accompanied by Dr. Rebecca Montano, a member of the Implementation Committee. It was learned that the school staff, sometimes with the help of families, worked diligently to recruit students in order to meet their integration benchmarks.

On October 6, 2015, the parties met to discuss the future of magnet schools and programs. After reviewing the most recent data shared at the meeting, the Special Master indicated that if he were to make a recommendation for removal of magnet status, he would change some of the schools and programs from the five that he had earlier identified as possible candidates for withdrawal of magnet status. The Mendoza plaintiffs developed a plan they shared at this meeting to forestall removal of magnet status and increase the human and fiscal resources available to the five schools the Special Master had initially identified, and to Holladay Elementary magnet school, even though Holladay had met its integration benchmarks.

Following the meeting, the October 6 plan was revised to include two other schools that did not meet their integration benchmarks as well as three other schools and programs that were most vulnerable to losing magnet status in the future because of students' academic performance. The revised plan makes several commitments to provide support to these schools and programs. This plan was presented to the plaintiffs and the Special Master for approval. The Fisher plaintiffs objected and the Department of Justice agreed to the deferral of action to withdraw magnet status from any program or school at this time but did not take a position on other aspects of the plan (*see* Section I of this report for a listing of such schools).

It is understood that the revised stipulations and related order will be submitted to the Court this week.

### III.   Recommendation to the District

The District should develop transition plans for all magnet schools and programs should their magnet status be withdrawn during the 2016-17 school year. These plans should address how best to meet the needs of underachieving students and the possible continuation of exemplary programs. The Special Master is not recommending that the Court require such plans.

**IV.    Recommendation to the Court**

The Court should approve the District's proposed court order that (a) defers removal of magnet status from schools and programs that did not meet their integration benchmarks this year but may do so next fall, and (b) provides additional support for other magnet schools and programs that may not have reached the academic rating required by the Court in 2016-17.

Respectfully submitted,

Dated:  November 5, 2015                    _____/s/_____
                                            Willis D. Hawley
                                            Special Master

# **CERTIFICATE OF SERVICE**

I hereby certify that on, November 5, 2015, I electronically submitted the foregoing **REPORT ON THE STATUS OF MAGNET SCHOOLS** for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

J. William Brammer, Jr.
wbrammer@rllaz.com

Oscar S. Lizardi
olizardi@rllaz.com

Michael J. Rusing
mrusing@rllaz.com

Patricia V. Waterkotte
pvictory@rllaz.com

Rubin Salter, Jr.
rsjr@aol.com

Kristian H. Salter
kristian.salter@azbar.org

Zoe Savitsky
Zoe.savitsky@usdoj.gov

Anurima Bhargava
Anurima.bhargava@usdoj.gov

Lois D. Thompson
lthompson@proskauer.com

Andrew H. Marks for
Dr. Willis D. Hawley,
Special Master