1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF ARIZONA**

8   Roy and Josie Fisher, et al.,                    )
9                    Plaintiffs,                      )
                                                      )
10  v.                                                )
                                                      )
    United States of America,                        )
11                                                    )
                    Plaintiff-Intervenor,             )
12                                                    )
    v.                                                )
13                                                    )
    Anita Lohr, et al.,                               )        CV 74-90  TUC DCB
14                                                    )        (lead case)
                    Defendants,                       )
15                                                    )
    and                                               )
16                                                    )
    Sidney L. Sutton, et al.,                         )
17                                                    )
                    Defendants-Intervenors,           )
18  ─────────────────────────────────────            )        **ORDER**
19  Maria Mendoza, et al.,                            )
                                                      )
20                   Plaintiffs,                      )
                                                      )
21  United States of America,                         )
                                                      )
22                   Plaintiff-Intervenor,            )
                                                      )        CV 74-204 TUC DCB
23  v.                                                )        (consolidated case)
                                                      )
24  Tucson Unified School District No. One, et al.,   )
                                                      )
25                   Defendants.                      )
    ─────────────────────────────────────            )
26
27
28

The Court adopts the "Revised Comprehensive Magnet Plan" (Revised CMP), including Improvement Plans, as filed by Tucson Unified School District (TUSD) and as recommended by the Special Master.   The Court approves the (Second) "Stipulation Regarding Magnet School Enrollment Data and Magnet School Supplemented Improvement Plans" as recommended by the Special Master.  The Court denies TUSD's Motion for a Hearing.

Procedural Overview

On January 16, 2015, the Court adopted in part and denied in part, the Special Master's Report and Recommendations (R&R) regarding the Comprehensive Magnet Plan (CMP).  The Court ordered revisions as recommended by the Special Master.  Additionally, the Court ordered the District, in consultation with the Special Master, to prepare Improvement Plans to identify clear and specific annual benchmarks by which schools in the magnet plan would attain magnet status by SY 2016-17.  The Court directed the Special Master to track the progress of each school regarding its Improvement Plan and to be responsible for identifying and recommending any schools which should be removed from the CMP.

On June 11, 2015, TUSD filed the Revised CMP.  The Plaintiffs objected to various provisions and lack of provisions.  After working with the parties to resolve Plaintiffs' concerns, the Special Master filed a R&R on July 9, 2015, recommending the Court adopt the Revised CMP with some changes – most of which had been agreed to by TUSD subsequent to the filing of the Revised CMP with the Court.  All parties objected to the R&R.  Plaintiffs assert the Special Master's R&R does not go far enough; TUSD and the Intervenor, the Department of Justice (DOJ), object to his recommendations and the Plaintiffs' objections as overreaching.  The R&R is fully briefed and ready for the Court's consideration.

On October 23, 2015, the Plaintiffs Mendoza and TUSD filed a Stipulation (First), which was supplanted on November 6, 2015, by a (Second) Stipulation Regarding Magnet

School Enrollment Data and Magnet School Supplemented Improvement Plans. Based on data reflecting enrollment at the magnet schools on the 40th day of SY 2015-2016, the Special Master concluded that some of the schools in the CMP failed to meet the integration benchmark.[1] Data relating to the academic benchmarks is not yet available.[2] The Stipulation provides for very specific undertakings by TUSD to ensure the magnet schools and programs receive the resources they require to implement their Improvement Plans for one more year. The Stipulation provides for integration to be assessed again on data from the 40th day of enrollment for the SY 2016-2017. The Stipulation suggests that this extension of time is necessary because of "a variety of factors beyond the control of the schools or programs at issue, . . .." (Stipulation (Doc. 1865) at 3 ¶ 5.) For example, TUSD has failed to fill teaching vacancies in these schools, *id.* ¶ 6; the Stipulation requires vacancies at Ochoa, Bonillas, Holladay, Safford K-8, Utterback and Cholla high to be filled by November 1, 2015; vacancies at Robison and Pueblo High filled by November 30, 2015; and in the event these teaching positions cannot be filled, TUSD must explain why it has failed to do so, *id.* ¶¶ A-B.

---

[1]Like the USP, the CMP has two <u>equally</u> important pillars: integration and student achievement. Because of the large minority student population in TUSD, especially Hispanic students, the USP defines an integrated school as: "any school in which no racial or ethnic group varies from the district average for that grade level (Elementary School, Middle School, K-8, High School) by more that +/- 15 percentage points, and in which no single racial or ethnic group exceeds 70% of the school's enrollment." (USP (Doc. 1713) § II.E.2.)

[2]Student Achievement for magnet status is reached based on the magnet school receiving a letter grade of "A" or "B" as designated by the Arizona Department of Education, and student achievement is tested pursuant to the following standards: students score higher than the state median in reading and math on the state assessment; the academic growth of all students at the school is higher than the state median growth in reading and math, and growth at the bottom 25% of students at the school is higher than the state median growth. (Order (Doc. 1753)).

There are seven schools which did not meet the 70%[3] integration benchmark: Elementary Schools Bonillas ("C"), Ochoa ("B"), Robison ("D"), and Holladay ("D"); Safford K-8 ("C"); Middle School Utterback ("D"), and Cholla ("B") and Pueblo ("C") high schools. There are four schools that have met their integration goals but appear to remain rated as C or D schools: Both-Fickett K-8 ("C"); Borton ("C") and Holladay ("D") elementary schools, and Mansfield ("C") middle school.

In light of the Stipulation, the Special Master filed a R&R, reporting he would delay recommending terminating these schools' magnet status until SY 2016-2017.  (R&R (Doc. 1864) at 2.)  The Plaintiffs Fisher object to the Special Master's failure to recommend immediate removal of schools from the magnet plan.  The Plaintiffs Fisher object to any further delay as counter to the USP and the Court's prior Order in January that TUSD move forward with the hard choices for removing non-performing magnet schools in order to develop a meaningful magnet plan in TUSD.  The Fisher Plaintiffs complain that the Special Master's recommendation only serves to delay the establishment of new and potentially effective magnet programs at other schools.  The Fisher Plaintiffs point out that the target date for attaining unitary status is SY 2016-2017.  The court shares the Fisher Plaintiffs' concerns, but finds that the Special Master's recommendation to the District regarding the development of transition plans, if so ordered  by the Court, addresses the serious consequences posed to the USP from further delays in the development of a fully operational CMP.  Likewise, the Court will require TUSD to undertake immediate consideration of alternative "new and potentially more effective magnet programs" and themes to ensure these schools move forward academically whether or not they retain magnet status.  In this way, at least one prong, student achievement, of the USP is promoted.

/////

/////

---

[3]See n.1.

4

The Revised CMP and R&R

First, the Court adopts the Revised CMP as proposed by TUSD, with the changes it agreed to make subsequent to its filing the Revised CMP, which in large part resolved the Plaintiffs' Mendoza objections. *See* (R&R (Doc. 1825) (citing Exhibits H and J)). Remaining is Plaintiffs Medoza's request, adopted by the Special Master as a recommendation, that TUSD identify specific strategies to address the learning needs of English Language Learner (ELL) students in those schools that did not reclassify enough ELL students to receive additional points from the Arizona letter grade system. As this recommendation applies to Carrillo, Robison, and Ochoa, the Court addresses it below in the context of the Stipulation. In its objection to the R&R, TUSD points out that its, post-filing, further revision of the Revised CMP also addresses the clarifications requested by the Special Master in his R&R, including 1) removing the misrepresentation that the Special Master supervised the CMP revision, which this Court notes– it ordered TUSD to make; 2) removing the suggestion that the Special Master endorsed any proposal in the CMP, including establishing Carrillo as a communication and creative arts school because he believed it should be a lighthouse school and that there is no good reason to add a new theme to the school which might result in diminishing Carrillo's extraordinary achievement as an A school; 3) clarifying that TUSD's intention that schools making substantial progress towards integration have until June 2017 to meet the USP integration standards does not affect the Special Master's responsibility to assess integration compliance in October of 2015 and 2016; and 4) clarifying that while it makes sense that D schools should focus magnet funding on improving student achievement, but the plan also allows some D schools to use funding to improve their integration status.

The Court sees no need for further amendment of the Revised CMP, but it must be refiled by TUSD so that it is consistent in all its parts with the changes reflected in exhibits H and J, the clarifications addressed above, and the additions of the Transition Plans. *See*

*also* (R&R (Doc. 1825) at 16-17.)  It shall be captioned "Final SY 2015-2016 CMP" and should include as attachments the Implementation Plans, which must also be reviewed and revised for consistency.

The (Second) Stipulation Regarding Magnet School Enrollment Data and Magnet School Supplemented Improvement Plans and R&R for No Action

Second, the Court approves the Stipulation (Second) to continue tracking progress towards integration being made by schools currently in the CMP, as recommended by the Special Master, which requires: the simultaneous development of transitional plans to ensure that if at such time these schools are removed from the CMP any extraordinary programs which have been developed in the quest for magnet status are not lost and to ensure that the academic needs of students at these schools, especially underachieving students, are met, programmatically and fiscally, upon the loss of magnet status.

Not mentioned in the Stipulation, but as noted by the Special Master in his R&R: two elementary schools, Carrillo and Drachman, are vulnerable to losing magnet status because they have not met the integration goal this fall, but these schools are A rated and recent trends and the quality of the schools hold promise for eventual integration; Davis Elementary School ("B") and Roskruge K-8 ("B") are not integrated but they are dual language schools which are a priority in the USP; Tully Elementary ("C") is exempt from elimination because it is being converted to a self-contained GATE program, and Cragin ("C") is being removed from the magnet plan in SY 2015-2016.

The Special Master and Dr. Rebecca Montano, a member of the Implementation Committee, have met with the principals and some staff in ten magnet schools and have found them to have worked diligently to recruit students in order to meet their integration benchmarks.  The Stipulation is designed to give the schools most vulnerable to losing magnet status the maximum amount of support possible, both programmatically and fiscally, to attain magnet status.  Alternatively, the efforts mandated in the Stipulation will move these

schools towards transitional programs designed to continue exemplary programs and meet the academic needs of their students. The Stipulation requires TUSD to fill the teaching and staff vacancies which exist at these schools; to provide adequate funding, to develop and propose initiatives to increase the number of students attending integrated schools, and to continue with initiatives designed to close the achievement gap between ethnic/racial groups at each of its schools. The Court approves these measures stipulated to by TUSD and the Mendoza Plaintiffs, and agreed to by the Special Master. The Court believes that the development of transitional plans, as recommended by the Special Master, addresses the Plaintiffs' Fisher's concerns to ensure these schools continue to move forward under the USP regardless of whether they retain magnet status or not.[4]

As recommended by the Special Master, TUSD shall develop Transition Plans for all magnet schools and programs that did not reach their benchmarks for integration this fall and are not now A or B schools. These plans should address how best to meet the needs of underachieving students and identify exemplary programs and address those programs' continuation. Because Carrillo, Robison, and Ochoa, did not reclassify enough students to receive additional points from the Arizona letter grade system, their Transitional Plans shall identify specific strategies to address the learning needs of ELL students.

Also in response to the Fisher Plaintiffs' objections,[5] the Court provides for clarification of provision, ¶ E, which requires the District to develop and propose initiatives

_____

[4]As this Court has previously noted, some schools might be better served by using "funding unencumbered by the burdens of trying to become a magnet school." (Order (Doc. 1753) at 15.)

[5]Substantively, the Court considers the objections expressed in the Fisher Plaintiffs' Objection to the first Stipulation filed by TUSD and the Mendoza Plaintiffs proposing to delay removing schools from the CMP. (Objection (Doc. 1862)). For purposes of issuing this Order, the Court does not consider the concerns expressed by the Fisher Plaintiffs in their Objection to the second Stipulation regarding the politicalization of the magnet program. (Doc. 1867.)

to increase the number of students attending integrated schools within the District. The Court seeks to ensure that this does not reproduce a generalized discussion of initiatives, which is already contained in the CMP, such as marketing and recruitment, location, teacher development, and improving academic excellence at these schools. *See* (Order (doc. 1753) at 15 n. 7.) Initiatives proposed pursuant to provision E shall be developed in the context of the Improvement Plans being drafted for these magnet schools, with TUSD, using its professional staff responsible for implementing the CMP or using experts made available by the Special Master, to develop and propose alternative, more integrative, magnet themes or programs and assist these schools in assessing the strength of their existing magnet themes or programs in comparison to alternative stronger more integrative magnet themes or programs.

TUSD's Motion for Hearing

The Court considers TUSD's standing[6] objection that the Plaintiffs, the Special Master, and this Court routinely overreach by challenging TUSD's policy-making decisions. The Court considers it in the context of TUSD's responses to the above pending matters, and the Court considers it as, expressly, made by TUSD in its formal request for a hearing to address appropriate constitutional restraints on the scope of review in this case. The Court rejects both.

The Court has at all times, and will continue, to consider all Plaintiffs' objections and the Special Master's R&Rs in the context of the express provisions of the Unitary Status Plan (USP). The Court reminds the parties that the USP was adopted in large part by agreement of the parties, adopted by the sitting TUSD School Board on January 8, 2013, and approved by the Court on February 6, 2013, as a road map to unitary status, a journey which all believed would be completed by the target date of SY 2016-2017, a journey of

---

[6]The Court uses the term "standing" to reflect that this objection is routinely raised. See (Notice of Appeal (Doc. 1547), filed January 29, 2014 (filing interlocutory appeal arguing "overreaching" in the context of expedited review provisions for R&Rs).

1   approximately three to four years.  Especially, in the context of reviewing the specific plans,

2   programs, and provisions, required pursuant to the USP, the Court finds that Plaintiffs and

3   the Special Master have not overreached.  The constitutional standard, which the Court

4   reminds Defendants they failed to meet and which resulted in the remand Order issued by the

5   Ninth Circuit Court of Appeals, under which we all now labor, is: TUSD must act in good

6   faith to eliminate the vestiges of past segregation to the extent practicable.  *See Fisher v.*

7   *TUSD*, 652 F.3d 1131 (9th Cir. 2011) (holding promised future improvements not sufficient

8   to demonstrate good faith).  In this case that means: TUSD must act in good faith to

9   implement the USP provisions to the extent practicable.  The Court will continue to apply

10  this standard.

11      Because of the highly visible nature of the magnet schools, the Court has received

12  large numbers of letters from concerned citizens.  These letters reflect a great amount of

13  misunderstanding by the public regarding the changes underway to TUSD's  magnet

14  program.  Only when the Court is convinced that TUSD has in the first instance not complied

15  with an express provision of the USP, does the Court intervene– usually at the urging of the

16  Special Master and sometimes in response to a concern expressed by the Plaintiffs.  To do

17  otherwise would be an abdication of this Court's duty to oversee the implementation and

18  operation of the USP until TUSD attains unitary status.  There is no need for a hearing to

19  discuss the scope of review under this standard.

20      The Special Master reports that the parties have undertaken discussions to keep the

21  TUSD School Board better apprised of his and the Plaintiffs' input regarding TUSD's

22  ongoing efforts to implement the USP.  The TUSD Board is the appropriate venue for the

23  community to obtain information regarding this case and the best venue for the community

24  to provide input and express concerns regarding this case.  *See* Code of Conduct for United

25  States Judges, Ch. 2, Canons 2(B) and 3(A)(4).  The Board directs and oversees the school

26  district and the USP.  Therefore, the Court intends any substantive Order it issues should be

27

28                                          9

provided by the Special Master to the President of the Board, starting with this Order.  In this way, on an ongoing basis, she may be kept abreast of the facts of this case, including the Court's logic and reasoning, and the progress of the USP.  Likewise, the Special Master should ensure that all substantive Court orders are included in the TUSD website, which is available for the community at large and which is routinely updated.

        **Accordingly,**

        **IT IS ORDERED** adopting the Special Master's R&R Re: the Revised CMP (Doc. 1825) and adopting the Revised CMP (Doc. 1808) as recommended by the Special Master.

        **IT IS FURTHER ORDERED** that TUSD shall file the Final SY 2015-2016 CMP, which shall be revised to be consistent with all the agreements made by TUSD subsequent to its filing of the Revised CMP, and shall include as attachments the Improvement Plans, revised likewise if necessary.

        **IT IS FURTHER ORDERED** adopting the R&R Re: Stipulation (Second) Regarding Magnet School Enrollment Data and Magnet School Supplemented Improvement Plans (Doc. 1864) and adopting the Stipulation (Doc. 1865) as recommended by the Special Master, with the clarification of ¶ E, that TUSD research and propose alternative, more integrative, magnet themes or programs and to assist the schools in assessing the strength of their existing magnet programs and themes in comparison to any stronger more integrative programs.

        **IT IS FURTHER ORDERED** that within 6 months of the filing date of this Order, TUSD shall develop Transition Plans for all magnet schools and programs that did not reach their benchmarks for integration this fall and are not now A or B schools.  These plans should address how best to meet the needs of students in schools that are at risk of not meeting the standards for academic achievement identified in the CMP.  For Carrillo, Robison, and Ochoa, these plans should identify specific strategies to address the learning needs of ELL students to enable these schools to reclassify enough ELL students to receive additional

points from the Arizona letter grade system.  If some continued funding is to use 910G allocations, the purposes of the funding shall be consistent with the provisions of the USP.

**IT IS FURTHER ORDERED** reaffirming the directions in its January 16, 2015 order, including the target date of SY 2016-2017 to have an operational CMP in place in TUSD and that the Special Master continue monitoring these schools' progress towards attaining magnet status, including his responsibility to recommend eliminating a school or program from the CMP.  The parties will have 30 days from the filing date of any recommendation that magnet status be withdrawn to file a Response.  The Special Master shall file a Reply within 15 days of the filing date of any Response.  The Special Master's monitoring and reporting responsibilities are affirmed

**IT IS FURTHER ORDERED** that the First Stipulation (Doc. 1858) is MOOT.

**IT IS FURTHER ORDERED** that the Motion for Hearing (Doc. 1846) is DENIED.

**IT IS FURTHER ORDERED** that the Special Master shall provide a copy of this Order and every future substantive Order issued by this Court in this case to the President of the TUSD School Board to keep her fully informed regarding the progress of this case.

**IT IS FURTHER ORDERED** that the Special Master shall ensure that the TUSD website continues to include all substantive orders issued by the Court.

DATED this 19th day of November, 2015.

David C. Bury
United States District Judge

11