**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Roy and Josie Fisher, et al., | No. CV-74-00090-TUC-DCB |
| Plaintiffs | |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Tucson Unified School District, et al., | |
| Defendants, | |
| and | |
| Sidney L. Sutton, et al., | |
| Defendants-Intervenors, | |
| Maria Mendoza, et al., | No. CV-74-0204-TUC-DCB |
| Plaintiffs, | |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | **ORDER** |
| v. | |
| Tucson Unified School District, et al. | |
| Defendants. | |

<u>Culturally Responsive Pedagogy and Instruction (CRPI)</u>

The Court revisits TUSD's appointment of the Director of Culturally Responsive Pedagogy and Instruction (CRPI), a position critical to TUSD's successful implementation of courses of instruction in cultural and historical experiences and perspectives of African-American and Latino communities. These Culturally Responsive Courses (CRCs) are a key methodology for engaging African-American and Hispanic students.  TUSD has twice advertised to hire for the CRPI Director's position and both times the solicitation processes were flawed and both times TUSD ended up hiring in-house to fill the position, and both times TUSD filled the position with a candidate experienced with Hispanic culture and pedagogy, not African-American studies.

The USP was adopted February 20, 2013.  TUSD advertised the CRPI Director position, nationally, on September 24, 2013.  This solicitation resulted in recruiting 49 sub-finalists and choosing eight finalists, before aborting the effort because the interview and selection process was leaked to the public.   TUSD, thereafter, recruited and appointed a TUSD retiree, Dr. Salvador A. Gabaldon, as the CRPI Director.  He had experience developing and teaching curriculum focused on Latino social, cultural, and historical experiences and advocating for and supporting instruction for English Language Learner (ELL) students. After objections from both Plaintiffs and based on the R&R from the Special Master, this Court approved appointing Dr. Gabaldon as Acting Director.  Pursuant to the agreement of the parties, the Court ordered TUSD to undertake the hiring of the CRPI Director in full compliance with USP § IV.D.1 and 3 and § V.4.E.4.c,[1] to be completed by the end of the 2014.  (Order (Doc. 1650) at 5.  To alleviate the concerns of the Fisher Plaintiffs that the Acting Director of CRPI had no experience to determine CRPI for African-American students, *id.* at 3-4, the Court ordered TUSD to utilize the services of Dr. Jacqueline Jordan Irvine, an African-American CRPI expert, including using her expertise for the hiring and selection process of the Director of CRPI, *id.* at 5.

---

[1] See USP (Doc. 1713), edited for typographical errors.

1      The Court ordered TUSD to file a Notice of Hiring the CRPI Director.  The Court

2  ordered further briefing on whether the USP §  IV.D hiring procedures applied when

3  TUSD designated a current employee to fill a position versus hiring a new employee.

4  TUSD Notice of Hiring CRPI Director

5      On December 17, 2014, TUSD filed a Notice of Hiring the CRPI Director,

6  Lorenzo Lopez, Jr.  (Notice (Doc. 1733)).

7      Again, even with expert advice by Dr. Irvine, the hiring process was flawed.  "Too

8  little time was given for responses (30 days); the position statement did not advise

9  candidates of the unique and important role to be played and failed to anticipate concerns

10  regarding potential CRC attacks from the State; it was not sent to sources with great

11  potential to yield candidates," (R&R (Doc. 1775) at 4),  and failed to include a statement

12  that TUSD is an equal opportunity employer, which is a phrase used to welcome diverse

13  applications, *id*.  Only three African-Americans applied.

14      Again, TUSD hired in-house and chose a candidate that has no experience

15  working with African-American students.  Mr. Lopez' experience was as the CRPI

16  Program Coordinator and his expertise is in teaching Mexican American Studies  (MAS)

17  courses.  Again, the Fisher Plaintiffs complain about, and again TUSD proposes to

18  alleviate, Mr Lopez' lack of African-American expertise by engaging a panel of experts

19  to review the CRC courses and the elements of professional development relevant to

20  CRPI and to engage an African-American expert on CRPI to advise Mr. Lopez on aspects

21  of CRPI that are especially important to the success of African-American students.

22  (R&R (Doc. 1775) at 6.)

23      The Fisher Plaintiffs remain concerned.  The Court does not address the Fisher

24  Plaintiffs' accusations that TUSD has lied about which job description was disseminated

25  to applicants and lied about one of the three African-American applicants not being

26  available for the position because he accepted a different position in TUSD.  The Court

27  does observe that the level of distrust between the parties has fallen so low as to even

28  erode professional confidence that normally exists between attorneys in respect to

representations made to each other and the Court.  The Special Master has investigated both allegations and is confident that he has identified the job description circulated by TUSD and that one of the African-American candidates took a different position and so there were only two African-American candidates for the CRPI Director's position.

The Court turns to Fisher Mendoza's substantive concerns, which are no less important now than they were when the Court first addressed them in its Order issued August 21, 2014.  The stop-gap measures of appointing African-American experts to advise administrators overseeing CRPI, which allowed time for TUSD to conduct a robust nationwide search for a highly-qualified CRPI Director, cannot become the permanent standard by which TUSD provides CRPI African-American expertise.  The Fisher Plaintiffs are legitimately concerned that African-American  students' interests in CRPI will be over-born by TUSD's need to serve the interests of the much larger Hispanic student body.

The Fisher Plaintiffs complain that Mr. Lopez does not have the State certifications he needs to serve in the supervisory role of the Director of CRPI.  Under Arizona law, Administrative Certification, is required for administrators who have responsibility for teachers and students.  (Fisher Objection (Doc. 1779) at 3-6.)  It appears Mr. Lopez was not so certified at the time he was hired as the CRPI Director but that he is obtaining this certification.  The Special Master is not concerned by this lack of certification because he asserts that the Director of CRPI does not have the type of supervisory responsibility requiring such certification.  The Court finds the important question is not whether the CRPI Director is certified, but is whether the CRPI Director has supervisory authority over teachers and students.  The Fisher Plaintiffs' concerns about equal program administration can only be met where the administrator in charge has sufficient administrative authority to protect both student bodies' interests in CRPI. If as the Special Master suggests this authority is not lodged in the CRPI Director then perhaps the Fisher Plaintiffs' recommendations should be aimed higher.

Alternatively to having one CRPI Director that can serve the interests of both student bodies, the Fisher Plaintiffs recommend amending the USP to provide for co-CRPI Directors, one for African-American students and one for Hispanic students. This would address the Special Master's observation that: "Few candidates would have experience in developing and teaching culturally relevant courses or have CRP expertise for both Latino and African-American students . . .." (R&R (Doc. 1775) at 5.) The USP clearly and expressly allows for the CRPI Director to have "experience developing and teaching curriculum focused on the African-American and/or Latino social, cultural and historical experience at secondary level." USP § V.E.4.c. (emphasis added). The Fisher Plaintiffs call for the USP to be amended and ask the Court to set aside the appointment of Mr. Lopez and order another search.

The Court is not inclined to repeat directives which have failed. But, the Fisher Plaintiffs are not without recourse. The Court agrees with the Fisher Plaintiffs that temporary experts who are knowledgeable in African-American CRC pedagogy are not a permanent solution to a lack of African-American administrators knowledgeable in African-American CRPI. The Court finds that the Plaintiffs' interest in even-handed CRPI serving both Plaintiffs is better ensured if this responsibility is placed in a TUSD administrator with requisite supervisory power to guarantee equal access to CRPI for all minority students. The Special Master's R&R suggest the CRPI Director is not that administrator. The Court directs the Special Master to ensure that the administrative position having the requisite supervisory authority over the implementation of CRPI requires the employee filling that position to have comprehensive expertise with respect to cultural pedagogy as applied to all students, including Black and Hispanic, and ELL students. The Special Master shall identify this administrative position and review the job description for that position to ensure such expertise is required there to protect the interests of both Plaintiffs' classes. The Special Master shall report to the Court whether the person currently holding that position has such expertise. If not, the Special Master

1  shall recommend how to remedy a lack of administrative expertise in the area of African-

2  American CRPI.

3  TUSD Employee Designations

4  The Court called for supplemental briefing on the question of whether TUSD may

5  circumvent USP  hiring requirements, § IV.D.1 and 3, if it designates a current TUSD

6  employee to fill a position instead of hiring a new employee to fill the position.  The

7  Fisher Plaintiffs call for amendment of the USP to eliminate this option.  They complain

8  that TUSD's in-house hiring practices are perpetuating the status quo and the USP calls

9  for robust recruitment of diverse certified and administrative staff.  *See* USP §  IV

10  (requiring enhancement of racial and ethnic diversity of administrators and certificated

11  staff; requiring review of outreach, hiring, retention, etc. policies to ensure they result in

12  such diversity).  The Mendoza Plaintiffs point out, however, that Dr. Gabaldon was the

13  sole objection made by the Plaintiffs in respect to all the designations made by TUSD.

14  The objections to Dr. Gabaldon were in part because he was not a current employee of

15  TUSD and it appeared that TUSD intentionally recruited him in lieu of complying with

16  the USP hiring procedures.  While the Mendoza Plaintiffs' supplemental brief reflects

17  there is no problem with the USP designation provisions, the circumstances of the

18  Gabaldon appointment support the Fisher Plaintiffs' position that TUSD may not be

19  complying with provisions of the USP which require them to take robust measures to

20  improve the diversity of certified and administrative staff.  The problem, if there is one,

21  may be bigger than the USP designation provision or may not be related to it at all.

22  Because improving diversity in certified and administrative staff is a key component of

23  the USP, the Court will ask the Special Master to undertake a review of the USP staffing

24  efforts undertaken by TUSD and provide an R&R to the Court whether they are resulting

25  in improved diversity in TUSD's certified and administrative staff.

26  **Accordingly,**

27  **IT IS ORDERED** that the Court adopts the R&R (Doc. 1775) filed by the Special

28  Master as follows: 1) the Court confirms the appointment of Mr. Lopez as the CRPI

Director; 2) TUSD, pursuant to its agreement, shall engage a panel of African-American experts to review the CRC courses and the elements of professional development particularly relevant to CRPI, and 3) TUSD, pursuant to its agreement, shall engage an African-American expert on CRPI to advise Mr. Lopez on the aspects of CRPI that are especially important to the success of African-American students.

**IT IS FURTHER ORDRED** that within 30 days of the filing date of this Order, the Special Master shall file an R&R with the Court to: 1) identify the administrative position having supervisory responsibility for implementation of CRPI with the authority to ensure the even-handed administration of CRPI for all students; 2) advise whether the job description for that position requires the employee filling that position to have expertise with respect to culturally responsive pedagogy for all students, including Black and Hispanic, and ELL students; 3) advise whether the person currently holding that administrative position has the requisite expertise, and 4) make any necessary recommendations.

**IT IS FURTHER ORDERED** that within 45 days of the filing date of this Order, the Special Master shall file an R&R with the Court that reports on the progress being made by TUSD to increase diversity in its administrative and certificated staff and recommend any specific measures or undertakings which are required under the USP, any action plan, or which can practicably be made to improve the staffing disparities that exist in TUSD.

/////

/////

/////

/////

/////

/////

/////

1    **IT IS FURTHER ORDERED** that the Special Master shall undertake the

2  preparation and filing of these R&Rs, pursuant to the oversight, monitoring, and

3  reporting responsibilities assigned to the Special Master in the USP § X.E and the

4  January 6, 2012, Order.

5    Dated this 26th day of January, 2016.

6

7

8

9    David C. Bury
    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28