# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Roy and Josie Fisher, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>United States of America,<br><br>　　　　　Plaintiff-Intervenor,<br><br>　v.<br><br>Anita Lohr, et al.,<br><br>　　　　　Defendants,<br>　and<br>Sidney L. Sutton, et al.,<br><br>　　　　　Defendants-Intervenors, | CV 74-90 TUC DCB<br>(Lead Case) |
| Maria Mendoza, et al.,<br><br>　　　　　Plaintiffs,<br><br>United States of America,<br><br>　　　　　Plaintiff-Intervenor,<br><br>　v.<br><br>Tucson Unified School District No. One, et al.,<br><br>　　　　　Defendants. | CV 74-204 TUC DCB<br>(Consolidated Case) |


# REPORT AND RECOMMENDATION RELATING TO FISHER OBJECTIONS TO SPECIAL MASTER'S RECOMMENDATION TO APPROVE THE RECONFIGURATION OF GRADES AT BORMAN K-5 TO K-8

**Overview**

On May 11, 2016, pursuant to a Court Order (Doc. 1929), the Special Master filed a Report and Recommendation in response to TUSD's defense of its proposal to create a middle school option at Borman Elementary school on the Davis-Monthan Air Force Base. In that R&R, the Special Master recommended that the Court approve the District's proposal. On May 25, 2016, the Fisher plaintiffs filed an objection to the Special Master's proposal asking the Court to reject the Special Master's recommendation, deny the District's request for approval of a middle school grade configuration at Borman K-5 school, and direct the District to develop a viable proposal for "effecting immediate and substantial improvement in the integration and improved academic achievement of Roberts-Naylor K-8" students. *See* Exhibit A.

**Analysis**

The core assumption in the Fisher plaintiffs' objection is that substantial improvements in the quality of education at Roberts-Naylor would draw a significant number of white students who "graduate" from Borman to Roberts-Naylor thereby integrating the school by the criteria defining "integration" in the USP. Roberts-Naylor is unique among the District schools in that its failure to meet the integration standards is because the number of African American students exceeds by about two to three percent the proportion of African American students that would define the school as integrated.

The assertions made by the Fisher plaintiffs can be examined by addressing three questions:

1. Would reconfiguring Borman as a K-8 school draw students away from Roberts-Naylor, thereby noticeably affecting the number of students in the District who attend an integrated school?

2. What are the motivations of families whose students now attend Borman and who might attend Roberts-Naylor?

3. Could the academic offerings at Roberts-Naylor be sufficiently strengthened so as to alter "current patterns of choice" thereby increasing the opportunities that Roberts-Naylor students (including former Borman students) have to experience an integrated education?

**Would the Addition of Middle Grades at Borman Draw Students Away from Roberts-Naylor?**

It would not.  For security reasons, only those students who come from military families or families where one or more of the adults is employed on the base can attend Borman.  The District reports that only two students who formally attended Borman now attend Roberts-Naylor in grades seven and eight (the grades the Special Master asked about).  The vast majority of former Borman students now attend Sonora Science Academy, an on-base charter school.

**How Would a Borman K-8 School Affect "Patterns of Choice"?**

The Fisher plaintiffs argue that the District inappropriately uses current choice (enrollment) patterns to estimate the effects on integration.  In most cases when new options for enrollment are introduced – as would have been the case in the creation of a middle school at Sabino High School – families will have significantly different considerations from those upon which they base current decisions about where their students would enroll.  But the proposed Borman reconfiguration is unique because of (1) restrictions on on-base enrollment and (2) military families generally prefer on-base schools, which tend to be socioeconomically diverse, promise order and safety, and are the schools their neighbors or coworkers attend.  This

-3-

common disposition applies to the Borman instance.

The District concludes that the principal factors that influence patterns of choice for Borman families do not include the quality of academic programs. While the survey upon which they base this conclusion is suspect because of low response, the conclusion seems to have facial validity. Only a handful of former Borman students attend TUSD schools for grades 6 to 8 even though TUSD's Vail Middle School, which is relatively close to the entrance to the Base, is a more highly rated school than the charter school on-base alternative. And Vail offers a self-contained gifted and talented program.

### Would Enhancing the Quality of Educational Programs Available at Roberts-Naylor Attract Students from the Base and Therefore Integrate Roberts-Naylor?

The weight that Borman families apparently place on the benefits of attending middle school on-base is significant, and it is not clear that the kinds of improvements that that could reasonably be expected to be achieved at Roberts-Naylor would change the calculations made by Borman families. As noted, Borman families already have a better off-base middle school option (in the form of Vail Middle School) than the on-base school most of these families choose. Moreover, it is not clear what TUSD could do to significantly improve the quality of schooling at Roberts-Naylor.

The best way to improve the school, as the Special Master pointed out in his May 11 R&R, is to substantially increase the quality of teaching. This is not easily done and could only be achieved in the short run by replacing a substantial number of current faculty with very highly effective teachers from throughout the District. Such a strategy would require significant financial incentives and cause considerable cost to teacher morale, not only at Roberts-Naylor but in other schools in the District. The District suggests that a gifted and talented program at Roberts-Naylor might lead to improvement though there is little evidence to believe that this is the case or that having a second self-contained gifted and talented program in relatively close

proximity would cause families to choose Roberts-Naylor. They do not choose the Vail option now.

The Fisher plaintiffs' case for improving Roberts-Naylor significantly in order to achieve integration assumes that the students that would be drawn to the school would be predominantly white. This is a highly improbable assumption. Throughout the country, there are few, if any, cases where a significant number of white families depart predominantly white schools for schools in which their children are outnumbered by nonwhite students almost nine to one (as would be the case at Roberts-Naylor).

**Summary**

Based on the highly improbable possibility that Roberts-Naylor could be turned into an A school that attracted a significant number of white students thus providing African American and Latino students the opportunity to attend a school where they substantially outnumber white students, the Fisher plaintiffs are asking that the District not be allowed to provide, at no increased cost to the taxpayers, a higher quality of education for military families than that which is now available to them in the public sector.

The Special Master therefore recommends that the Court approve the District's request to create a K-8 school at Borman. This action by the Court should be expedited so that steps could be taken that would impact fifth grade students now attending Borman and middle school students now attending the on-base charter school in the next school year.

Respectfully submitted,

/s/
Willis D. Hawley
Special Master

Dated: May 31, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that on, May 31, 2016, I electronically submitted the foregoing **REPORT AND RECOMMENDATION RELATING TO FISHER OBJECTIONS TO SPECIAL MASTER'S RECOMMENDATION TO APPROVE THE RECONFIGURATION OF GRADES AT BORMAN K-5 TO K-8** for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

J. William Brammer, Jr.
wbrammer@rllaz.com

P. Bruce Converse
bconverse@steptoe.com,

Oscar S. Lizardi
olizardi@rllaz.com

Michael J. Rusing
mrusing@rllaz.com

Patricia V. Waterkotte
pvictory@rllaz.com

Rubin Salter, Jr.
rsjr@aol.com

Kristian H. Salter
kristian.salter@azbar.org

Zoe Savitsky
Zoe.savitsky@usdoj.gov

Anurima Bhargava
Anurima.bhargava@usdoj.gov

Lois D. Thompson
lthompson@proskauer.com

Andrew H. Marks for
Dr. Willis D. Hawley,
Special Master