# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy and Josie Fisher, et al., | No. CV-74-00090-TUC-DCB |
| Plaintiffs | |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Tucson Unified School District, et al., | |
| Defendants, | |
| and | |
| Sidney L. Sutton, et al., | |
| Defendants-Intervenors, | |

| | |
|---|---|
| Maria Mendoza, et al., | No. CV-74-0204-TUC-DCB |
| Plaintiffs, | |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | **ORDER** |
| v. | |
| Tucson Unified School District, et al. | |
| Defendants. | |

Report and Recommendation Re: Withdrawal of Magnet Status- Approved

TUSD adopted the CMP, pursuant to the Unitary Status Plan (USP), on July 15, 2014, it filed its final Revised CMP on January 28, 2016.  (Doc. 1898).

The Court adopts the recommendation of the Special Master and orders withdrawal of magnet status from the following elementary schools, Ochoa, Robison, Safford, and Utterback, and from the following high schools, Cholla and Pueblo.  These schools are racially concentrated, having more than 70 percent Latino students in the entering classes of Kindergarten, Sixth or Ninth grades, respectively.

These withdrawals are pursuant to directives made by this Court on January 16, 2015, which provided for the development of Improvement Plans for these schools and an opportunity for them to attain magnet status, pursuant to criteria measuring the ability of the school to attract students from across the racial divides existing in the school district and to additionally provide enriched programs for neighborhood students.  (Order (Doc. 1753) at 3.)   The Court does not repeat here the relevant and important case history, which requires a Comprehensive Magnet Plan (CMP) be the cornerstone of Tucson Unified School District's (TUSD) integration efforts required by the Unitary Status Plan (USP).  *Id.*  at 2-5.  For purposes of this Order, it suffices to say that it has long been recognized, including the 2011 Magnet Study and the 2014 CMP, that existing magnet programs and schools in TUSD need improvement or to be changed or eliminated.  *Id.* at 5.

The Court's January 16, 2015, Order set a one year progress benchmark assessment regarding two measures of success: integration with no more than 70 percent of students being of a single race/ethnicity at the entry grade for the school and student achievement measured reflected by either an A or B school rating.  Thereafter, the Special Master was charged with recommending the withdrawal of magnet status for these schools by the fall semester SY 2015-2016.  However, on November 19, 2015, the Court agreed to allow the parties, pursuant to a stipulation, to extend their improvement schedules for another year to SY 2016-2017 before the Special Master recommended

1    withdrawing magnet status.  (Order (Doc. 1870)).  The Special Master has now filed his

2    R&R regarding these recommendations.  (R&R (Doc. 1974) (revised) (Doc. 1971)).

3           The schools the Special Master recommends be removed from the CMP failed to

4    meet the definition for a magnet school in January 2015 and November 2015.  It is

5    undisputed that these six schools continue to NOT meet the integration goal for being a

6    magnet school.  (TUSD Response (Doc. 1979)).  There is no assertion that the academic

7    measures for these schools have improved.[1]  Both TUSD and the Mendoza Plaintiffs ask

8    for more time.  The Court asks: if not now when?

9           The Court finds that the decreases in racial concentration noted by TUSD is slight,

10   and adopts the finding of the Special Master that "[t]here is no reasonable way to argue

11   that these six schools met the integration criteria set by the Court."  (R&R (Doc. 1974) at

12   3.)  There is absolutely no evidence put before the Court to suggest that more time will

13   improve the ability of these six schools to operate like magnet schools to warrant

14   inclusion in the CMP.  This is especially true given the Court's prior directives in both

15   the January and November Orders issued in 2015 that TUSD must have an operational

16   CMP in place by SY 2016-2017.

17          The withdrawal of magnet status from these six schools cannot surprise any party

18   or the community.  The tentativeness of their inclusion in the CMP has been evident in

19   the Court's Orders addressing the CMP.  In an abundance of caution when this Court

20   required Improvement Plans be developed for these schools, it also required TUSD to

21   develop Transition Plans for schools which did not then meet the integration

22   benchmarks.[2]  TUSD should immediately file the Transition Plans with the Court so that

23   the parties and the community are informed regarding the future planned at these schools,

24   and so that they may be fully funded in the SY 2017-2018 USP budget.   The Special

25   Master may file an R&R, which the Court will address on an expedited basis.  The parties

26
27          [1] There is no discussion whatsoever of the academic achievements of any of these
     schools.

28          [2] The deadline for developing the Transition Plans was 6 months from the Court's
     November 19, 1995, ruling.

may weigh in regarding the sufficiency of the Transition Plans to meet the needs of the students attending these schools, with the Special Master recommending an expedited briefing schedule, if possible to resolve any disagreements over the Transition Plans so as to not impede the SY 2017-2018 budget process. Alternatively, the Special Master may propose a bifurcated schedule to identify the Transition Plans in part to the extent there can be full funding under the SY 2017-2018 USP budget, with full briefing of objections to follow.

The Court turns to the Mendoza Plaintiffs' remaining areas of concern. The Mendoza Plaintiffs accuse TUSD of undermining any potential for integration at these schools by failing to hire enough permanent and experienced teachers there, failing to address discipline problems at Safford and Utterback, and failing to reach out and engage families. Additionally, the Mendoza Plaintiffs point out the success of the International Baccalaureate (IB) Programme at Cholla High School and ask this Court to Order TUSD to continue it and other effective programs after magnet status is withdrawn. The Court shares the Mendoza Plaintiffs' concerns and advises that the Transition Plans should address them, with the exception of discipline problems at Safford and Utterback which shall be expressly addressed by the Special Master in his 2015-2016 annual report or separately by R&R. *See* Court's Order approving 2016-2017 USP Budget.

Finally, to be clear, the Court reiterates that the withdrawal of magnet status from these schools shall not have a negative impact on their students. The Mendoza Plaintiffs are 100 percent correct: "[T]he failure of the subject schools to achieve the integration criteria set forth in the USP should not relieve them (or the District) of on-going efforts to increase integration at those schools particularly given that every one of them is reported to be racially concentrated in the District's most recent Annual Report. (2015-2016 Annual Report, Appendix II-4.) The District should take steps to encourage open enrollment at these schools by students whose presence would reduce the racial concentration at these schools and should continue to advertise the possibility of

qualifying for free incentive transportation under the USP." (Mendoza Plaintiffs' Response (Doc. 1978) at 11.)

**Accordingly,**

**IT IS ORDERED** that the Reports and Recommendations addressing withdrawal of magnet status, (Docs. 1956, 1971, and 1974) are adopted by the Court.

**IT IS FURTHER ORDERED** that magnet status is withdrawn for Ochoa Elementary School, Robison Elementary School, Safford K-6 School, Utterback 6-7 School, Cholla High School, and Pueblo High School.

**IT IS FURTHER ORDERED** that within 21 days of the filing date of this Order, TUSD shall file the Transition Plans for these schools with the Court, and all parties shall move forward in a good faith effort to fully fund the Transition Plans in SY 2017-2018. If necessary, the Special Master may file an R&R, which the Court will address on an expedited basis, pursuant to a recommendation from the Special Master for briefing any objections to the Transition Plans.

Dated this 22nd day of December, 2016.

Honorable David C. Bury
United States District Judge