# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy and Josie Fisher, et al., | No. CV-74-00090-TUC-DCB |
| Plaintiffs | |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Tucson Unified School District, et al., | |
| Defendants, | |
| and | |
| Sidney L. Sutton, et al., | |
| Defendants-Intervenors, | |
| Maria Mendoza, et al., | No. CV-74-0204-TUC-DCB |
| Plaintiffs, | |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | **ORDER** |
| v. | |
| Tucson Unified School District, et al. | |
| Defendants. | |

Culturally Relevant Courses (CRC): R&R Re: Intervention Plan 2015

On February 12, 2015, this Court issued an Order approving a stipulated Intervention Plan to begin the 2015 Spring Semester and carry through the 2015-16 School Year (SY).  The stipulation resolved allegations of noncompliance brought in August 2014 by the Special Master on behalf of the Mendoza Plaintiffs.  On April 20, 2016, the Special Master filed a Report and Recommendation (R&R) (Doc. 1925) reporting that there had not been full compliance with the 2015 Intervention Plan for Implementing TUSD's Culturally Relevant Courses,(R&R (Doc. 1925), but nevertheless, recommending that a finding of noncompliance is not warranted, (R&R (Doc. 1941)).

On May 11, 2016, the Mendoza Plaintiffs called for the Special Master to update his R&R based on additional budgetary information which was forthcoming in May, and narrowed the focus of their charge against the District to be that it allegedly failed to comply with provisions of the Intervention Plan for hiring itinerant CRC teachers.  TUSD responded to the Mendoza Plaintiff's allegations, and the Special Master filed a supplemental R&R (Doc. 1941) on June 8, 2016.  He continues to believe that a finding of noncompliance is not warranted.  The Court agrees, but finds the Special Master should monitor the Intervention Plan to ensure the District continues its efforts to implement and expand the CRC program.

The Court is not inclined to find noncompliance when there has been a 300% increase in CRC enrollment between the 2015 and 2016 spring semesters and a 73% increase in CRC enrollment (1,841 to 3,198 students) between the spring and fall semesters in SY 2015-2016.  TUSD had 39 CR teachers in SY 2015-2016; in SY 2016-17, it will have about 70 CRC teachers. TUSD will offer CR courses in all but one high school and in all middle schools.  (SM R&R (Doc. 1941) at 4, 6.)

In the face of this seeming success, the Mendoza Plaintiffs complain that TUSD should not have decreased the CRC budget for hiring 12 itinerant teachers to hiring six. The Intervention Plan calls for mentor/itinerant teachers to develop CRC curriculum and provide CRC teacher support regarding effective CRC instruction.  They will teach 3 CR courses at two high or middle school sites and while at those sites they will engage in

1  CRC teacher and student recruitment, parent engagement, and community outreach;
2  provide district-wide models for CRC instruction for non-CRC teachers; develop
3  curriculum to be available district-wide and designed especially for new CRC teachers;
4  mentor new CRC teachers by providing instructional support; observe, document and
5  provide feedback to CRC teachers they are mentoring, including conducting classroom
6  observations once every two weeks, with feedback focusing on effective implementation
7  of culturally relevant and responsive pedagogy, critical thinking and questioning skills,
8  dialogical techniques that elicit student voice, and coaching to new CRC teachers. (2015-
9  16 Intervention Plan at 6, 7, 17-18.)

In short, TUSD is using an intensive Itinerant Teacher Model, which it describes as a capacity building model meant to be transitional. "That is, the intent of the design is to ensure that we develop CR Teachers at every site over the next two years and move away from having itinerant staff at this level." It appears that as the scope of the program becomes a larger part of the district curriculum, TUSD intends to grow its central staff to mentor CRC teachers and correspondingly reduce itinerant staff over time. *Id.* at 18.

With the adoption of the Intervention Plan, TUSD estimated it needed 12 itinerant teachers, but it subsequently and without any explanation reduced the budget to provide for six itinerant teachers. Like the Mendoza Plaintiffs, the Court is concerned that the reduction in itinerant staff may correspond to a reduction in their duties and, correspondingly, a dilution of the planned intensity of the Itinerant Teacher Model. Whether or not the six itinerant staff can meet the needs of the newly recruited CR teachers remains to be seen, especially given the obvious success they had in expanding the number of students flowing into new CR courses. The Court is not prepared to say that six versus 12 is enough. The Special Master notes that TUSD offers no program-based rational for estimating that it needs one itinerant teacher for every ten CRC teachers, except to say that this ratio is within the 15 to 1 ratio generally recommended for peer assistance and review programs. Assuming there was a rational basis for the original estimate that the program needed 12 itinerant teachers and the large unexplained

1  disparity between that planned number of itinerant teachers and the actual number hired,
2  the Court finds monitoring is warranted.  The Special Master shall review the District's
3  use of itinerant staff to ensure full compliance with the Intervention Plan's Itinerant
4  Teacher Model.  Given the success of the Intervention Plan to bring in new CRC students
5  and teachers, it is imperative that TUSD develop a meaningful itinerant teacher-CRC
6  teacher ratio sufficient to meet the needs of the Itinerant Teacher Model agreed to by the
7  parties pursuant to the stipulated Intervention Plan.  This ratio shall be developed and
8  used for the 2017-2018 USP-budget, with the Special Master to subsequently gather data
9  and review the ratio for effectiveness in his 2016-2017 Special Master's Annual Report
10 (SMAR).

11     The Court does not address the Mendoza Plaintiffs' charge that TUSD failed to
12 expend the SY 2015-2016 CRC allocated funding.  It appears that by June, 2016, when
13 the Special Master filed his supplemental R&R, TUSD was committed to spending all the
14 budgeted CRC funds, and has now done so.

15     **Accordingly,**

16     **IT IS ORDERED** that the Special Master's Report and Recommendation (Doc.
17 1925) and supplemental R&R (Doc. 1941) is adopted by the Court and for those reasons
18 stated in the R&Rs, the Court rejects the Mendoza Plaintiffs' request for a finding of non-
19 compliance regarding implementation of CRC.

20     **IT IS FURTHER ORDERED** that the Special Master shall review the District's
21 use of itinerant staff to ensure full compliance with the Intervention Plan's Itinerant
22 Teacher Model.

23     **IT IS FURTHER ORDERED** that TUSD shall develop a meaningful itinerant
24 teacher-CRC teacher ratio sufficient to meet the needs of the Itinerant Teacher Model
25 agreed to by the parties pursuant to the stipulated Intervention Plan, and this ratio shall be
26 developed and used for the 2017-2018 USP budget.  The Special Master shall develop a
27 data gathering and review plan, both substantive and procedural, to monitor the
28

1  effectiveness of TUSD's itinerant teacher-CRC teacher ratio for use in the 2016-2017
2  Special Master's Annual Report (SMAR).
3  　　　Dated this 27th day of December, 2016.

　　　　　　　　　　　　　　　　　　　　　　　　Honorable David C. Bury
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge