1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Roy and Josie Fisher, et al., | |
|      Plaintiffs, | |
|   v. | |
| United States of America, | |
|      Plaintiff-Intervenor, | CV 74-90 TUC DCB |
|   v. | (Lead Case) |
| Anita Lohr, et al., | |
|      Defendants, | |
|   and | |
| Sidney L. Sutton, et al., | |
|      Defendants-Intervenors, | |

| | |
|---|---|
| Maria Mendoza, et al., | |
|      Plaintiffs, | |
| United States of America, | |
|      Plaintiff-Intervenor, | CV 74-204 TUC DCB |
|   v. | (Consolidated Case) |
| Tucson Unified School District No. One, et al., | |
|      Defendants. | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION AMENDING THE FEBRUARY 21, 2017 REPORT REGARDING TRANSITION PLAN

On February 14, 2017, the Mendoza plaintiffs replied to TUSD's responses to the plaintiffs' and Special Master's comments on transition plans for magnet schools (*see* Exhibit A). While this set of comments did not add new objections to the plans, the Mendoza plaintiffs placed emphasis on six issues, two of which – school integration and narrowing the achievement gap – are high priorities for the Mendoza plaintiffs.  The Special Master did not comment on these two concerns in his R&R.  This amendment to the R&R submitted by the Special Master on February 21, 2017 seeks to remedy this omission.

**Integration**

The transition plans were developed for six schools that are losing magnet status.  Magnet status is being withdrawn because these schools, despite considerable effort over several years, have been unable to achieve integration that meets the standards set forth in the USP.  Had there been a good probability that further investments would have resulted in integration, withdrawal of magnet status would not have been recommended by the Special Master and approved by the Court.

The District has not been successful in its efforts to promote integration.  But, if it is to be successful, it should invest in efforts that have some reasonable chance of success.  It does not seem that the strategic allocation of resources for the purposes of integration should focus on schools that have been unsuccessful in achieving that goal.

The Court should not require the District to amend the transition plans to include investments in integration.  Arguably, the best investment that schools involved could make that would attract white and African American teach students would be to improve the academic performance of the students in those schools.  Which is what the District seeks to do.

**Narrowing the Achievement Gap**

There are two ways to narrow the achievement gap.  The first is to improve the academic performance of students who are performing at the lowest levels in the schools in the District. The second is to undermine the performance of students who are performing at the highest levels. The second option, obviously, is not acceptable.

The District agreed with the goal of narrowing the achievement gap when it approved the Comprehensive Magnet Plan in which narrowing the achievement gap is specifically identified as one of the obligations of the District.  The District should be held accountable for achieving that goal.

The fact that the District did not use those terms in this discussion does not mean that it has failed to focus attention on enhancing the achievement of the lowest performing students. Indeed, it has explicitly done that.  Whether the strategies that it proposes are the best ones that could have been adopted is not being challenged by the Mendoza plaintiffs.  In his R&R, the Special Master indicated why it would be difficult for the Court to define a set of strategies different from those advocated by the District.

Given that the District is already obligated to narrow the achievement gap, having it say that that is one of its goals seems unnecessary.  If what is being asked by the Mendoza plaintiffs is that the substance of plans should be amended, the consequence would be to recycle the planning process and undermine the already problematic implementation of the transition plans. The Court should not require the District to amend its transition plans to identify narrowing the achievement gap as one of its goals.

Respectfully submitted,


/s/
Willis D. Hawley

-3-

1                                              Special Master

2    Dated:  February 23, 2017

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

3        I hereby certify that on, February 23, 2017, I electronically submitted the foregoing

4        SUPPLEMENTAL REPORT AND RECOMMENDATION AMENDING THE FEBRUARY 21 REPORT

5        REGARDING TRANSITION PLAN for filing and transmittal of a Notice of Electronic Filing to the

6        following CM/ECF registrants:

7        J. William Brammer, Jr.
8        wbrammer@rllaz.com

9        P. Bruce Converse
         bconverse@steptoe.com,
10

11       Oscar S. Lizardi
         olizardi@rllaz.com
12
         Michael J. Rusing
13       mrusing@rllaz.com

14       Patricia V. Waterkotte
15       pvictory@rllaz.com

16       Rubin Salter, Jr.
         rsjr@aol.com
17

18       Kristian H. Salter
         kristian.salter@azbar.org
19
         Zoe Savitsky
20       Zoe.savitsky@usdoj.gov

21       Anurima Bhargava
         Anurima.bhargava@usdoj.gov
22

23       Lois D. Thompson
         lthompson@proskauer.com
24

25

26                                              _____
                                                Andrew H. Marks for
27                                              Dr. Willis D. Hawley,
                                                Special Master
28