# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy and Josie Fisher, et al., | No. CV-74-00090-TUC-DCB |
| Plaintiffs | |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Tucson Unified School District, et al., | |
| Defendants, | |
| and | |
| Sidney L. Sutton, et al., | |
| Defendants-Intervenors, | |
| Maria Mendoza, et al., | No. CV-74-0204-TUC-DCB |
| Plaintiffs, | |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | **ORDER** |
| v. | |
| Tucson Unified School District, et al. | |
| Defendants. | |

Transition Plans: - Approved

1   The Court approves the transition plans for Ochoa Elementary School; Robison
2  Elementary School; Safford K-8 School; Utterback Middle School; Cholla High School,
3  and Pueblo High School. (Notice: Transition Plans (Doc. 1984)). On December 27,
4  2016, the Court withdrew magnet status from these schools based on their inability to
5  meet magnet criteria for inclusion in the District's Comprehensive Magnet Plan. (Order
6  (Doc. 1983)).
7   On January 17, 2017, the Defendant, Tucson Unified School District (TUSD/the
8  District), filed plans which were developed to ensure that post-magnet transitions at these
9  schools "shall not have a negative impact on their students." *Id.* at 4. Immediate
10 approval and implementation of these transition plans is important because the District is
11 preparing the budget for SY 2017-2018. The Court anticipates that the SY 2017-2018
12 budget will more fully detail the adequacy of the transition plans. For example, Plaintiffs
13 and the Special Master express concerns regarding the adequacy of training and
14 professional development, of efforts to improve academic achievement of African
15 American students, and family engagement efforts. The adequacy of these provisions
16 contained in the transition plans will depend on the levels of funding they receive in the
17 SY 2017-2018 budget. Because the line-item budget is trailing the transition plan
18 development and approval, the Court approves the transition plans but affords Plaintiffs
19 and the Special Master an opportunity to reurge objections related to adequacy, if any
20 remain after the line-item budget is released.
21  The Court takes this opportunity to provide some direction regarding how it will
22 assess the adequacy of the transition plans once budgetary information is available. The
23 two primary goals of the USP are integration and student achievement. Because the
24 number of white students at these schools is not large enough to constitute a
25 representative sample for measuring the achievement gap, the Court will measure student
26 achievement by looking at performance district-wide. The Court agrees with the Special
27 Master that improving the academic achievement of students in these schools is one
28 effective means of promoting integration. Because these schools are no longer magnet

1  schools, the integration goals for magnet schools no longer apply. Nevertheless, like all
2  the schools in the District, these schools are subject to the USP goal to improve
3  integration.

4  Each of the transition plans includes strategies to improve student achievement,
5  including: Tier 1 (classroom) instruction; culturally relevant curricula, and family
6  engagement. The Court is discouraged by the Special Master's report that the District
7  lags behind in the number one strategy for improving student achievement, which is
8  ensuring quality teaching. The Special Master reports in reality "the evaluation of
9  teachers as practiced in TUSD does not appear to provide information that would allow
10 for the identification of teachers who are especially effective teach[ers]." R&R (Doc.
11 1987) at 5.) The Special Master focuses on effective teachers for African American
12 students because they are achieving at lower levels than any ethnic group other than
13 Native Americans. This is a special concern because the basis for judicial oversight in
14 large part flows from a finding of de jure discrimination against African American
15 students. The Court has not seen any recent report regarding professional development,
16 but expects the Special Master's observations apply across the board regarding teacher
17 evaluations and TUSD's ability to identify teachers who in particular need help
18 improving their teaching. Likewise, the Court is discouraged that at this late date, "there
19 is no ongoing evaluation of the various approaches to introducing culturally relevant
20 curricula or variations in family engagement efforts." Have these approaches not been
21 implemented long enough here to reflect either some or no successes?

22 The Court is concerned that to facilitate these transition plans TUSD intends to
23 create new positions and hire consultants. As implementation of the USP winds down,
24 TUSD risks being top-heavy and without sufficient staff who provide direct instruction in
25 their schools. Direct delivery of a quality education is of course the key to improving the
26 achievement gap in TUSD. For example, the transition plans for Ochoa Elementary
27 School and Utterback Middle School do not include hiring permanent principals to ensure
28 consistent and sustained instructional leadership there; Ochoa and Utterback have had

interim principals since SY 2016-17 and there is even an interim assistant principal at Utterback. Without these boots on the ground, the Court imagines that the District's "new hires" and/or consultants will find it difficult to facilitate transition at Ochoa and Utterback.

The Court did not intend for it to take three years to implement transition plans in these schools. Implementation of these transition plans shall be completed in SY 2017-2018 and, correspondingly, staff positions and expenditures to "facilitate transition" shall be phased out no later than SY 2018-2019. It makes sense to delay introducing dual language programs at Ochoa Elementary School and Pueblo High School during this coming year of transition.

The timelines for carrying out the essential steps for implementing the transition plans shall be revised to accommodate the Court's directive above for implementation of the transition plans in SY 2017-2018, and as soon as possible the implementation timelines shall be provided to the Plaintiffs and the Special Master.

Last, the Court notes that approval of the transition plans is based on TUSD's agreement to follow the Special Master's recommended "research based" criteria for introducing new programs in the transitioning schools. The District agrees to work with the Special Master to monitor and report implementation of the transition plans, with the Special Master reporting to the Court regarding the status of the transition plans for SY 2017-2018, and he may make recommendations for SY 2018-2019, if necessary.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendations (Docs. 1987, 1988) are adopted by the Court.

**IT IS FURTHER ORDERED** that the Court approves the transition plans but affords Plaintiffs and the Special Master an opportunity to reurge objections related to adequacy, if any remain after the line-item budget is released.

**IT IS FURTHER ORDERED** that implementation of these transition plans shall be completed in SY 2017-2018 and, correspondingly, staff positions and expenditures to

"facilitate transition" shall be phased out no later than SY 2018-2019.

**IT IS FURTHER ORDERED** that TUSD may delay introducing dual language programs at Ochoa Elementary School and Pueblo High School during implementation of the transition plans in SY 2017-2018.

**IT IS FURTHER ORDERED** that the timelines for carrying out the essential steps for implementing the transition plans shall be revised to accommodate the Court's directive above for implementation of the transition plans in SY 2017-2018, and as soon as possible the implementation timelines shall be provided to the Plaintiffs and the Special Master.

**IT IS FURTHER ORDERED** that the Court's approval of the transition plans is based on TUSD's agreements as follows: to use "research based" criteria for introducing new programs in the transitioning schools; to work with the Special Master to monitor and report implementation of the transition plans, with the Special Master reporting to the Court regarding the status of the transition plans for SY 2017-2018, and for the Special Master to make recommendations for SY 2018-2019, if necessary.

Dated this 10th day of March, 2017.

Honorable David C. Bury
United States District Judge