# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy and Josie Fisher, et al.,<br>Plaintiffs<br>and<br>United States of America,<br>Plaintiff-Intervenor,<br>v.<br>Tucson Unified School District, et al.,<br>Defendants,<br>and<br>Sidney L. Sutton, et al.,<br>Defendants-Intervenors, | No. CV-74-00090-TUC-DCB |
| Maria Mendoza, et al.,<br>Plaintiffs,<br>and<br>United States of America,<br>Plaintiff-Intervenor,<br>v.<br>Tucson Unified School District, et al.<br>Defendants. | **ORDER** |

Magnet Status: Approved for Drachman Montessori K-8 School, Roskruge Elementary School, Borton Elementary School, and Booth-Fickett K-8 School.

Pursuant to the directives of this Court, the Special Master makes his final recommendations for whether five schools which previously were designated magnet schools should retain that designation. He now reports on four, with the only remaining prior magnet designation outstanding being Holladay Elementary School.

The Special Master recommends that Drachman Montessori K-8 School, Roskruge Elementary School, Borton Elementary School, and Booth-Fickett K-8 School retain the magnet school designation. He recommends that magnet status for Roskruge Elementary School be terminated but that the school retain its Magnet Coordinator for one more year and that she be allowed to undertake recruitment efforts which if improving integration at the school will afford the District, the Special Master and this Court to revisit the issue of Roskruge's magnet designation.

Before discussing the magnet designation for Roskruge K-8 School, the Court adopts the recommendations of the Special Master for the other schools.

First, Drachman Montessori K-8 School, a C school, is moving decisively towards restoring its stellar academic standing with the State and offers concrete reasons why it fell in its standing. It has taken concrete measures to improve the school by adding a computer component to its curriculum and an admission criterion to ensure for grades 6 to 8 to ensure those students are able to manage the self-directed nature of the learning experiences offered at Drachman Montessori.

Second, Borton Elementary School, a C school, shall add an instructional coach in mathematics, and has such an instructor for reading, as a means to narrow the achievement gap which exists between its magnet students and neighborhood students. This instructor/coach will also work with teachers, especially newer teachers, in smaller classes in the early grades, to promote teacher-growth and improve teacher quality.

Third, the District has provided Booth-Fickett 8-K School, with substantial academic support to improve its "D" academic state rating and has developed a partnership with a leading technology-rich curriculum provider, Amplify, whereby the District will contribute its expertise in culturally responsive pedagogy and in return receive from

Amplify its curriculum. This partnership should enrich Booth-Fickett's Science, Technology, Engineering and Mathematic (STEM) magnet theme.

This brings the Court to Roskruge K-8 School, a C school, which is not integrated. Roskruge K-8 is a special magnet school with a magnet theme as a dual language program, trying to meet two USP goals: 1) Integration by Magnet Programs and 2) Improving Quality of Education by Dual Language Programs. As the Special Master explains these two USP goals can be odds with each other. The Special Master reports that the recommended most effective dual language program is Two Way Dual Language (TWDL), which to be academically successful requires Spanish fluency by no later than the second grade. This complicates efforts to integrate the school because it primarily attracts Spanish-speaking Hispanic/Latino students. The Special Master recommends that Roskruge K-8 School should not be designated a magnet school but it should receive the same level of support through its designation as a dual language school and be allowed to retain the Magnet Program Coordinator for one more year.[1]

The Mendoza Plaintiffs filed an objection to this recommendation, accusing the District of lacking commitment to ensure Roskruge's magnet status. (Doc. 2189.) The Mendoza Plaintiffs supplemented the objection to bring new evidence to the Court's attention which they believe reflects the District's lack of support for Roskruge's magnet status because it believes that if Roskruge cannot be integrated within the next year, the District will not attain unitary status. The Court notes that the USP goals and programs are designed to remain in place long after this Court's jurisdiction ends, and USP programs, especially the magnet programs and dual language programs, will only remain viable in the future if they are maintained through appropriate ongoing review and revision. The Court anticipates that there might well be schools, perhaps Roskruge, that are in the process of attaining magnet status at the time this Court ends its jurisdiction.

The District replies that the allegedly new evidence referenced in the Mendoza Plaintiffs' Supplemental Objection is a document provided to the Special Master on July

---

[1] The school was without a Magnet Coordinator last year.

- 3 -

30, 2018 and the proposal described in the document was reported in detail in the District's annual report at Appendix II-18 (ECF 2126-1 at 354-364).

More importantly, the District clarifies that it has not reached a conclusion as to whether magnet status should be ended for Roskruge K-8 School. It reports that this month it has initiated the NARA process related to a proposal to strengthen Roskruge, and that the "outcome may be a recommendation to propose retaining magnet status at Roskruge. (Reply (Doc. 2201) at 3.) The District asks the Court to allow it to complete the process of consideration and development of the proposed plan to enhance academic quality, promote integration, and strengthen the TWDL model at Roskruge.

The Court declines to address the issues raised in the Plaintiff's Objections at this time. Enrollment is underway in the District and will be concluded within this month. There can be no disagreement that uncertainty regarding program status at Roskruge will at the very least confuse and at worst may deter enrollment there. The Court addresses the question answered by the Special Master: Why not simply retain Roskruge's magnet status? His answer, is as follows:

> Because doing so would continue the uncertainty among, students, staff and families that comes with the probability of losing magnet status based on the failure to integrate the school." Since dual language is a priority in the USP and the district is willing to commit to adequate funding during and after the transition to the TWDL model, nothing is lost to the school by eliminating the school's problematic status as a magnet school status that will continue to be a source of disruption and instability.

(TUSD Reply (Doc. 2201) (quoting email February 15, 2019). In an effort to ensure needed stability, this Court finds that Roskruge K-8 shall have the full support of the District as a dual language program which it is entitled to as a magnet program, and as recommended by the Special Master the District shall implement express bussing to support the program and retain the Magnet Coordinator. The District shall ensure that its District website provides a comprehensive representation of the advantages of its dual language programs so that it is not left to each school to promote TWDL.

Whether as a magnet or as a dual language program, Roskruge K-8 School will be required to have a competitive academic program, which in the past this Court has referred

to as being a "B" school. This Court has little to no detailed information regarding dual language programs; the District's Comprehensive Dual Language Plan is due to be filed with the Court September 1, 2019. On this same date, the District will file a comprehensive 3-Year Plus Integration Plan: Comprehensive Magnet Plan (3-Year PIP: CMP). Until then, the Court is not sufficiently informed to determine whether the dual language program at Roskruge can also be a successful magnet program.

The Court notes that Davis Elementary School, a "B" school, is an integrated dual language magnet program. It is centrally located as recommended for a magnet school, it is uniquely aligned with Davis' TWDL magnet them to serve as a level up program for Davis' 5th graders looking to enroll in 6-8 grade TWDL program. The Court is not aware of any other schools besides Roskruge that serve feeder dual language elementary schools. Again, the Court is in short supply of information of information to decide the magnet question at this time for Roskruge K-8 School. Instead, the Court adopts the Special Master's recommendations regarding Roskruge K-8 as specified above and the recommended boundary changes. All these recommendations serve equally to strengthen Roskruge as a dual language program and a magnet program.

This is the Court's concern: Roskruge, either as a magnet TWDL or only a TWDL program, must provide a high-quality education for its students in an environment integrated to the maximum extent practicable. The Court finds that the District is planning accordingly, and defers to allow the District to determination at the end of its assessment process whether to end Roskruge's magnet status.

In the event the District determines to end magnet status, the Court directs that the District use Roskruge as a prototype for reinstating magnet status which shall be developed to coincide with the Roskruge K-8 Magnet Coordinator's next full-round of recruitment efforts, August 2020, to enable Roskruge K-8 School to urge its reinstatement as a magnet, if her recruitment efforts have produced a viable integrative magnet program.

As previously ordered when the Court granted in part and denied in part the District's request for unitary status, the 3-Year PIP: CMP shall include policy, process, and

procedures for reinstating magnet status and reviewing and monitoring magnet schools' ongoing compliance with magnet criteria. By appendix, the 3-Year PIP:CMP shall apply both as applicable to these four schools to enable this Court to ensure the progress planned here has materialized.

**Accordingly,**

**IT IS ORDERED** that the Court adopts the Special Master's Report and Recommendation Re: Borton Elementary and Booth-Fickett K-8 (Doc. 2190); these schools shall retain magnet status.

**IT IS FURTHER ODERED** that the Court adopts the Special Master's Report and Recommendation Re: Drachman Montessori and Roskruge K-8 (Doc. 2184); these schools shall retain magnet status, except Roskruge K-8 may be terminated as a magnet school at the discretion of the District. Termination of magnet status does not end the directives contained in this Order for Roskruge.

**IT IS FURTHER ORDERED** that the District shall apply the policies, processes, and procedures set out in the 3-Year PIP:CMP for reviewing magnet status to Drachman Montessori, Roskruge, Borton, and Booth-Fickett to ensure that the academic improvements planned herein and improved integration at Roskruge materialize or if not, that procedures therein developed are implemented for removing these schools and any other non-compliant schools from the District's Magnet Plan. The 3-Year PIP: CMP shall contain an Appendix setting out the magnet status review assessments for these four schools.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that the District shall develop procedures for reinstating magnet status and apply them, if necessary, to Roskruge K-8 School, at the end of August 2020.

Dated this 26th day of February, 2019.

Honorable David C. Bury
United States District Judge