# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy and Josie Fisher, et al., <br> Plaintiffs <br> and <br> United States of America, <br> Plaintiff-Intervenor, <br> v. <br> Tucson Unified School District, et al., <br> Defendants, <br> and <br> Sidney L. Sutton, et al., <br> Defendants-Intervenors, | No. CV-74-00090-TUC-DCB <br> (Lead Case) |
| Maria Mendoza, et al., <br> Plaintiffs, <br> and <br> United States of America, <br> Plaintiff-Intervenor, <br> v. <br> Tucson Unified School District, et al. <br> Defendants. | No. CV-74-0204-TUC-DCB <br> (Consolidated Case) <br><br> **ORDER** |

<u>AASSD and MASSD Operating Plans</u>

When the Court last reviewed the African American Student Support Department (AASSD) and Mexican American Student Support Department (MASSD) Plans, it noted the continued disagreement between the parties and the Special Master over the continued existence of these expensive departments, which in part duplicate student support services being delivered on-site at individual schools. The Court instructed the District to revise the plans with an eye towards addressing the Special Master's concerns and to eliminate duplication and ensure effective delivery of services, with the presumption being that student-support services are most effectively delivered on-site at the schools. The Court hoped that the parties would take the opportunity to create new and improved Student Support Departments, responsive to the many departmental and program changes that have arisen from the implementation of the USP.

Again, the District files AASSD and MASSD plans, the Plaintiffs object, and the Special Master reasserts that the departments unnecessarily waste money. The Court adopts the opinion of the Special Master that any further revisions based on directives for the parties to work together would pointlessly result in more of the same. Therefore, the Court changes its approach and asks the Special Master to develop the AASSD and MASSD Plans. The Court agrees with the Special Master that if the departments remain post-unitary status, their roles and responsibilities must change and be more limited. A successful Unitary Status Plan (USP) requires this because as TUSD's core capacity grows, the responsibility for improved academic achievement for Plaintiffs no longer sits with AASSD and MASSD.

The District hired Traben and Associates to report on academic achievement for African American students in TUSD. The Trayben Report reflects: "it has always been its position that AASSD supplement educational services that should be provided by the District, not supplant them." (Trayben and Associates' report, Draft Plan for Restructuring AASSD for School Year 2018-2020, (Doc. 2276) at 36.) The Traben Report reflects that the District should revise the Plans to "shift[] direction for 100% direct services to a balance between direct services to students and direct support for departments and schools by

building institutional capacity of teachers and other support staff.." *Id.* at 27-39. Unfortunately, Traben and Associates were not asked to "determine whether [AASSD] is needed, cost efficient, effective in improving student achievement, and/or closing the gap between white and African American students." *Id.* 26. Instead, Trayben was "specifically directed to evaluate the current plan," which it did. *Id.*

The Trayben Report helps to set priorities AASSD. The Objections also help to identify departmental roles and responsibilities, which in Plaintiffs' opinions, should be the priority of the AASSD and MASSD departments. The Mendoza Objections are especially helpful in identifying specific student support services which they believe should be directly delivered by MASSD, including student support services, family outreach, to ELL students, because they cannot be secured at the school-site level.

Putting all this together, the Special Master should be able to develop the AASSD and MASSD Plans. As pointed out by the Fisher Plaintiffs, these departments have been in operation for a long time, operating more or less similarly to the proposed plans. *See* (Fisher Objection (Doc. 2276) at 7 (describing latest plan as "not significantly different from the program that has been in place for at least the last five (5) years.") There is no need for further study or data acquisition. The Court rejects the Special Master's recommendation for an evaluation plan to determine the effectiveness of both departments. What remains is the question of: when and how do AASSD and MASSD move from the recently filed 2018-19 plans, which seem stuck in the past, to the future. For this answer, the Court looks to the Special Master.

First, the Court finds that there is a role for both AASSD and MASSD post-unitary status. Next, the Court directs the Special Master to review the Trayben report and the Plaintiffs' Objections and identify student-support service priorities for each department. The Special Master shall work with the District to develop future plans for AASSD and MASSD departments that provide core-departments of TUSD with expert support to teachers and administrators to meet their responsibilities to enhance student learning and administer discipline in fair and equitable ways. The structure and relationship between

AASSD and MASSD and core TUSD departments, including top administrators and/or administrative departments, shall be such that AASSD and MASSD have meaningful lines of communication for effective collaboration and to ensure that recommendations flowing from AASSD and MASSD are seriously considered and addressed by the District. The Special Master shall identify, with specificity, any direct student support services to be provided by AASSD and MASSD staff. There shall be no duplication of student support services, with AASSD and MASSD providing direct student services only when such services cannot not be more effectively provided by school staff. All AASSD and MASSD staff shall be at least equally qualified in comparison to their on-site professional peers.

**Accordingly,**

**IT IS ORDERED** that the Special Master's Report and Recommendation (Doc. 2347) is adopted in part and denied in part.

**IT IS FURTHER ORDERED** that within 30 days of the filing date of this Order, the District shall file the AASSD and MASSD plans, developed pursuant to this Order. The parties may file Objections within 14 days. The Special Master may file a Report and Recommendation in reply within 7 days of any Objection.

Dated this 5th day of November, 2019.

Honorable David C. Bury
United States District Judge