# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy and Josie Fisher, et al.,<br><br>          Plaintiffs<br><br>and<br><br>United States of America,<br><br>          Plaintiff-Intervenor,<br><br>v.<br><br>Tucson Unified School District, et al.,<br><br>          Defendants,<br><br>and<br><br>Sidney L. Sutton, et al.,<br><br>          Defendants-Intervenors, | No. CV-74-00090-TUC-DCB<br>(Lead Case) |
| Maria Mendoza, et al.,<br><br>          Plaintiffs,<br><br>and<br><br>United States of America,<br><br>          Plaintiff-Intervenor,<br><br>v.<br><br>Tucson Unified School District, et al.<br><br>          Defendants. | No. CV-74-0204-TUC-DCB<br>(Consolidated Case)<br><br><br><br>**ORDER** |

Facilities and Technology, USP § IX: FCI and Internet

On September 6, 2018, the Court considered the District's assertion that it had attained unitary status for USP § IX provisions, Facilities and Technology. The District reported its development of two indexes, the Facilities Conditions Index (FCI) and the Technology Conditions Index (TCI), which are reviewed to determine capital expenditures to be made under the Multi-Year Facilities Plan and Multi-Year Technology Plan. The Court does not repeat here its discussions related to the Special Master and Plaintiffs' responses to the District's submittal for unitary status, but after considering all the data and arguments from all parties and the Special Master's proposed completion plan, the Court ordered the District to perform certain specific tasks to fully comply with § IX of the USP. The Court ordered that Notices of Compliance would trigger reconsideration of unitary status in the context of determining whether any further measures should be undertaken by the District pursuant to this USP provision. (Order (Doc. 2123) at 138-140.)[1]

### a. **Facilities**

The Court ordered the District to return to the original FCI formula, including the Educational Suitability Score (ESS), and recalculate the FCI scores based on the most recent FCI data. The Court held that, "assuming those scores demonstrate that Racially Concentrated schools do not have lower FCI scores than those of non-racially concentrated schools, the District shall have attained unitary status." (Order (Doc. 2123) at 139.) On August 30, 2019, the District filed a Notice of Compliance (Doc. 2264).

The Mendoza Plaintiffs complain that the FCI Report, dated March 7, 2017,[2] does not reflect "the most recent FCI data." The District responds by filing "more recent data," as provided on October 1, 2019, in an appendix to the District's 2018-19 Annual Report

---

[1] The Court retained jurisdiction over IX.B1.iv and B.4, teacher proficiency in facilitating student learning with technology, for consideration separately. (Order (Doc. 2123) at 138-140.)

[2] As noted by the Mendoza Plaintiffs, the District failed to attach the FCI data scores, but the Notice of Compliance is referencing the 2017-18 DAR, Appendix IX-1 (Doc. 2136-1 at 1-4). (Mendoza Objection (Doc. 2278) at 3 n. 2.)

(2018-19 DAR). Either way, the FCI report reflects that the District has complied with the Court's order to revert to using the original FCI formula and that the scores demonstrate equity. There is no reflection in the data that Racially Concentrated schools have lower FCI scores than those of non-racially concentrated schools. The District's failure to include the most recent FCI data in the Notice of Compliance, assuming the data reflected in the 2018-19 DAR is the most recent data, is indisputably a failure to comply with a direct Order issued by this Court. The District attacks the complaint of noncompliance by "[t]he Mendoza Plaintiffs, who had full access to the data the District was required to file." The Court notes that the Mendoza Plaintiff's Objection to the Notice of Compliance Re: FCI was filed on September 20, 2019, and the 2018-19 DAR was filed on October 1, 2019. Compliance by the District would have saved the Mendoza Plaintiffs and this Court time which has been essentially wasted on a moot point.

The evidence before the Court reflects two snapshots in time: one on March 7, 2017, included in the 2017-18 DAR and another, taken at some unknown time, included in the 2018-19 DAR. The USP requires the District to assess the conditions of each school site biennially: every other year. (USP (Doc. 1713) § IX.A.2.)[3] It does not matter that the District instead keeps the FCI and ESS as living documents, updated on an ongoing basis, and conducts assessments more than every other year. The Court does, however, find that to avoid any future wasting of time or confusion caused by the ongoing nature of the updates to the FCI and ESS that all future FCI reports shall be dated. The Court finds that the District has complied with the directives of the completion plan set out in the Order, issued September 6, 2018, for attaining unitary status related to the USP § IX.A., Facilities Plan.

### Technology

At the time of the Court's September 6, 2018, review, the parties had just agreed to revise the TCI to include internet access, which previously had not been measured because,

---

[3]In other words, the District describes the USP as requiring it "to renew the FCI and the ESS scores biennially." (2018-19 DAR, Appendix IX-1 (Doc. 2308-1) at 5).

according to the District, the level of connectivity had been the same for all schools. The Court assumed the District was also complying with an expedited review and comment schedule related to the revision. The Court ordered the District to review the revised TCI, and "to the extent inadequate internet speeds disproportionately affect Racially Concentrated schools," the Court ordered the District to develop a plan for correcting the disproportionality by the end of SY 2018-19." (Order (Doc. 2123) at 139.) On August 30, 2019, the District filed a Notice of Compliance (Doc. 2263.)

Since the Court's directives, the District has upgraded internet access and main district internet connection. "Every school has the same type of wireless access points, installed to the same minimum density standards." (TUSD Reply (Doc. 2321) at 2.) "Each school has equipment of the same type and with the same capacity connecting the school to the main District internet connection." *Id.* It is undisputed that: "(a) there is no disparity in the availability of internet access anywhere in the District, and (b) the entire system is overdesigned with significantly more capacity than is needed at every level at every school." *Id.*

It is also undisputed that the District did not comply with the Court's directive to engage in an expedited review and comment process regarding the TCI revision. *See e.g.,* (TUSD Reply (Doc. 2321) (criticizing Mendoza's objections for being outdated after the District's broad overhaul of its systems, which had already been undertaken when the Court issued the September 6, 2018, Order). It appears that the District tested the system district-wide during the spring of 2018 and spring of 2019,[4] (TUSD Reply (Doc. 2321) at 3), but did not comply with the Court's order to include the internet access scores in the TCI. The District argues it is unnecessary to measure internet access in the TCI because all schools have the same level of connectivity. *Id.* at 4.

---

[4] The USP requires a biannual (twice a year) assessment of technology, USP § IX.B, as compared to the biennial (every other year) facility assessment, USP § IX.A. The Court questions whether the difference is due to need. In the event any directive of the Court, including the Consent Decree, is no longer viable due to changed circumstances, the District should at least ask for a directive from the Court to amend, modify or waive such provision. It is not appropriate to simply ignore express directives issued by the Court.

The Court rejects the District's excuse for non-compliance with the Court's order to include internet access in the TCI. It does not matter that all the schools may currently have the same internet access score, this may not be the case in the future as internet technology changes.[5] The District shall comply with the Court's order to add a measure of internet access for each school to the TCI. (Special Master's R&R (Doc. 2321) at 3 (recommending internet access be added to TCI and assessed during next regular testing of capacity.)

**Accordingly,**

**IT IS ORDERED** that the Special Master's Reports and Recommendations (Docs. 2345, 2348, 2350 and 2357) are ADOPTED IN PART AND DENIED IN PART.

**IT IS FURTHER ORDERED** that the work set out in the completion plan for attaining unitary status related to the USP § IX.A., Facilities Plan, is finished.

**IT IS FURTHER ORDERED** that all future FCI reports shall be dated.

**IT IS FURTHER ORDERED** that within seven days of the filing date of this Order, the District shall file the revised TCI, reflecting the heretofore agreed measurement for internet access as applied to the data generated in the spring 2018 and 2019 internet access tests, and refile the TCI.

Dated this 15th day of November, 2019.

Honorable David C. Bury
United States District Judge

---

[5] The Court notes that the internet footprint for each school varies depending on the size of the school. (Reply, Ex. D (Doc. 2263-1) at 101-204.)