# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy and Josie Fisher, et al., <br>     Plaintiffs <br> and <br> United States of America, <br>     Plaintiff-Intervenor, <br> v. <br> Tucson Unified School District, et al., <br>     Defendants, <br> and <br> Sidney L. Sutton, et al., <br>     Defendants-Intervenors, | No. CV-74-00090-TUC-DCB <br> (Lead Case) |
| Maria Mendoza, et al., <br>     Plaintiffs, <br> and <br> United States of America, <br>     Plaintiff-Intervenor, <br> v. <br> Tucson Unified School District, et al. <br>     Defendants. | No. CV-74-0204-TUC-DCB <br> (Consolidated Case) <br><br> **ORDER** |

Family and Community Engagement (FACE): USP § VII

On September 6, 2018, the Court considered the District's request for unitary status for the USP § VII, Family and Community Engagement (FACE). The Court noted that FACE provisions stretch across the USP, making FACE a multi-provision and multi-departmental program. After considering full briefing by the parties and a R&R from the Special Master, the Court reviewed the FACE Action Plan (Doc. 2101-2) and found: "the only remaining question relevant to awarding unitary status for VII, Family and Community Engagement, is the implementation of a districtwide strategy for family and community engagement services at school-sites and an effective data gathering and tracking program." (Order (Doc. 2123) at 136.) The Court noted that the FACE Action Plan reflected heavy reliance on the African American Student Support Department (AASSD) and the Mexican American Student Support Department (MASSD), and the Court asked the District to reassess whether these two departments were the most effective means of delivering FACE services. At the time, the District had just engaged an expert at John Hopkins University, who was tasked with developing district-wide guidelines for fostering family engagement at the school level. The Court directed the District to file an update to the FACE Action Plan, subsequent to the conclusion of the expert's work and to cross-reference as appropriate the District's Post-Unitary Status AASSD and MASSD to make it clear there was no interdepartmental duplication of FACE efforts. *Id.* at 136-37.

On December 6, 2018, the District filed, what is more accurately described as, a supplement to the FACE Action Plan. (Update to FACE (Doc. 2154-1)). Again, on April 10, 2019, the Court called for further revision to the FACE Action Plan related to its heavy reliance on AASSD and MASSD for delivery of services. The Court found that the FACE Action Plan failed to clearly define the interconnectivity between the FACE Department and the two student support service departments and ordered the District to revise the Post-unitary AASSD and MASSD Plans, FACE Action Plan and the ELL Plan. (Order (Doc. 2213) at 12-20.) The Court called for an executive summary as a means for the District to present a comprehensive overview of the interconnectivity of all the USP plan provisions.

The FACE, AASSD and MASSD Plans, and ELL Plan revisions, due September 1, 2019, have been filed. The executive summary is due December 1, 2019.

Unfortunately, the Post-unitary AASSD and MASSD Plans remained unacceptable to the Special Master as, in his opinion, being wasteful duplications of effort of tasks more effectively performed by other core departments. The Court has directed the Special Master to recommend post-unitary plans for the two departments. (Order (Doc. 2359)).

As this Court recognized when it extended the time for the Special Master to file the R&R in respect to the ELL Plan revisions, further consideration of these interconnected departments cannot be made until the roles and responsibilities of the post-unitary AASSD and MASSD are clearly defined. The Special Master recommends as much, and therefore, the Court delays the interconnectivity assessment for the FACE Plan. The delay will also afford the District an opportunity to update the FACE Plan to reflect the implementation of a major new FACE initiative with respect to school level family engagement. (R&R (Doc. 2366; 2377 amended) at 2.)

The scope of the post-unitary status AASSD and MASSD has been a subject pending too long before this Court, and the delay regarding these departments' roles and responsibilities is now affecting review of other core USP department plans, such as the FACE and ELL plans. The Special Master's R&Rs regarding the post-unitary AASSD and MASSD and the ELL Plan are due, simultaneously, on December 6, 2019. The Court will, simultaneously, consider the FACE Action Plan. The Court continues the deadline for the executive summary to be after the Court resolves any objections to the Special Master's recommendations for these plans.

Interconnectivity

While, as explained above, the Court does not have sufficient information to address the interconnected relationships between core departments carrying out FACE responsibilities, it can provide some direction for the what should be the final revision. First, the Court accepts the overall structure for the FACE Department's administration of FACE services, which are either 1) school-based activities or 2) central district activities.

School based activities are provided on-site by school staff, with primary responsibility placed on school principals. Central district activities are provided either directly by the FACE Department or by "other departments." The interconnectivity issue involves the FACE activities provided by other departments. The Court accepts the District's reference in the FACE Plan to the "other departments," with "[e]ach of these departments [being] primarily responsible for the specific family engagement activities identified in those plans." (FACE Plan (Doc. 2262-1) at 13.) The District identifies these other departments' plans as AASSD and MASSD Operating Plans, the ELL Dropout Prevention Plan, the Magnet and ALE Departments. *Id.* at 13. The Court believes that this is not a complete list. The FACE Plan shall be revised to <u>expressly identify</u> each USP Plan being relied on by the District for the purpose of identifying primary FACE activity responsibilities, where the FACE Department plays a supporting role. The FACE Plan provides for the FACE Department to provide "guidance and support for events and needs, event coordination, use of Family Resource Centers, child care and transportation services." *Id.* at 12.

The District's FACE Plan, likewise, reflects that the FACE Department plays a supportive role for the following departments: language acquisition, health services, counseling, and curriculum and instruction. *Id.* at 12. The District shall clarify where these other departments' FACE activities fit into the USP and revise as necessary the related USP Plans to reflect the context of the primary FACE responsibilities being performed by these departments.

For the purpose of this review, the District shall attach the excerpted portions of all referenced USP Plans identified in the FACE Plan.

Once clearly identified in the FACE Plan, the Court is willing to rely on those other departments' plans to "detail the [FACE] activities undertaken by each of those departments," *id.* 13, but <u>the District must ensure that each of these "other department" USP Plans do in fact include a FACE section detailing the activities undertaken by that department</u>. For example, as this Court has repeatedly noted, the District's FACE Plan fails to include ELL FACE activities. The FACE Plan only once references ELL FACE

activities, by referencing the ELL Dropout Prevention Plan. *Id.* at 13. The Supplemental Notice of Compliance, Goals for ELL Dropout and Graduation Rates does not include a FACE provision (Doc. 2310-1); it does not include any reference whatsoever to FACE activities. Assuming the ELL Supplement is considered in conjunction with the ELL Action Plan: Graduation and Dropout Prevention (Doc. 2261-1), the plan includes a FACE section, § D, Family Engagement Strategies. Accordingly, both documents are relevant to the inquiry regarding the sufficiency of FACE activities for ELL students and should have been referenced by the District.[1] Both shall be considered in the context of the ELL R&R due December 6, 2019. Likewise, the Special Master shall include a FACE section in the AASSD and MASSD, due December 6, 2019.

The Court's review of the ELL Plan, FACE section, reflects that the FACE Department works with the Language Acquisition Department, which as noted above the FACE Plan identified as an "other department" providing FACE services to ELL students. More accurately described the FACE Department in part uses the Language Acquisition Department to identify FACE-service needs and to provide FACE activities to ELL students and families. This should be reflected in the FACE Plan, District FACE Activities for both School-based Activities and Central-district activities for providing FACE to ELL students and families. Clarity is especially important in the FACE Plan for any "other departments," like the Language Acquisition Department, if there is no USP Plan expressly referenced for details.

The District shall also revise the cross-departmental FACE activity chart, Exhibit 4. First, it shall be in large enough print, at least 10-point font, to be read, and include a key defining the various abbreviations and explain any chart categories that are not self-evident. The District in some instances identifies multiple departments as the primary

---

[1] Here is an example of how the Court's previous directive for the District's website to be updated with all relevant USP Plans could have assisted the Court and parties in the ongoing reviews being conducted to determine unitary status. The District shall contact the Court's law clerk, Greer Barkley, for assistance in determining the status of the USP Plans as either approved or pending and to ensure that the District's website is updated in this regard.

- 5 -

department responsible for an activity. There may only be one Primary Department, and the District's definition of "Primary Department' shall coincide with the FACE Plan's identification of District FACE activities or some "other department" by reference to a USP Plan for details of those FACE activities. Finally, the FACE Plan needs to be updated to afford the District an opportunity to include, what the Special Master describes as, "a major new FACE initiative with respect to school level family engagement." (R&R (Doc. 2371) at 2.)

In addition to revising the FACE Plan to comply with the directives contained in this Order, the District shall request a corresponding amendment, if needed, for any USP Plan that has been approved by the Court. Alternatively, the District shall file any correspondingly revised USP Plan, if needed, to include a FACE provision, for any USP plan currently pending review and approval.

School Websites

According to the Mendoza Plaintiffs, the District fails to comply with the Court's April 22, 2019, directive to ensure that school websites include FACE information is updated, as follows: "an updated newsletter and a current schedule for site counsel, PTA, SCPC, and Governing Board meetings, updated contact information for these committees and boards, and any relevant trainings to promote participation." (Order (Doc. 2217) at 4.) However, on May 22, 2019, the District filed a Supplemental Notice of Compliance (Doc. 2219) reflecting that the FACE Plan had been updated to require "school staff to keep websites updated and current regarding: family engagement events, including but not limited to site council, PTO, SCPC, and Governing Board meetings. On September 10, 2019, the Court noted there were no objections. (Order (Doc. 2273)).

The Mendoza Plaintiffs reviewed the websites during the week of September 16, 2019, and found the District failed to comply with its self-imposed completion date of July 31, 2019, to fully implement its plan to update the school websites. (Mendoza Plaintiffs' Objection (Doc. 2288) at 7-11; (Doc. 2288-1) at 1-16.) The District responds that it undertook a major effort to update and maintain its individual school websites." (TUSD

Response (Doc. 2318) at 10.) The District describes in detail a process, which is accurately described as a major undertaking, including developing website structure that can share district calendar information automatically with the school websites and reflects the menu directives made by this Court, then training for school staff as to how to promulgate the requisite data and keep it updated. It took seven weeks or until July 31, 2019, just to complete the structural updates for the 86 school sites, and still the data entry and training remained to be completed. *Id.* at 11-13.

The District's endeavors are a good example of the effort necessary to move from planning to operations. It appears to the Court that the District has websites which if kept updated will promote family and community engagement, pursuant to the FACE Plan. The websites provide updated school newsletters, calendars for school and district events and meetings, and contact information[2] for the various school and district organizations, committees, and groups. The Court has reviewed the District's Appendix 4: Compliance Chart and finds full compliance. The only remaining concern is that the websites be kept up to date. This is especially important because the school-site website responsibilities are so new; the District's support of these efforts is especially important now in the infancy of these efforts. The District shall conduct a compliance check, using the Compliance Chart, twice a year, once for each semester. The District shall file the Compliance Chart for SY 2019-20, second semester, for SY 2020-21, and thereafter, include it in the DAR.

**Accordingly,**

**IT IS ORDERED** that, pursuant to ongoing monitoring of school websites every semester, the Court finds the District is in full compliance with the directives of this Court to update the school websites for FACE.

**IT IS FURTHER ORDERED** that the District shall contact the Court's law clerk, Greer Barkley, at 520 205 4560 for assistance in determining the status of the USP Plans as either approved or pending and to keep the District's website updated in this regard.

---

[2] Contact information should be a telephone number and email, which is sufficient for a parent to reach someone knowledgeable regarding the inquiry who can provide relevant meeting and participation information.

1       **IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 2366, 2371) to delay consideration of the FACE Plan is ADOPTED by the Court.

      **IT IS FURTHER ORDERED** that the FACE Plan (Doc. 2262-1)[3] shall be revised as described herein and refiled on December 6, 2019, including the excerpted portions of the referenced USP Plans identified in the FACE Plan.

      **IT IS FURTHER ORDERED** that if necessary, the District shall simultaneously submit any requests for related amendments to any approved USP Plans or simultaneously file a Revised USP Plan for any USP Plan pending approval.

      **IT IS FURTHER ORDERED** that within 14 days, the Plaintiffs may file Objections, and thereafter, within 7 days, the District may file a Reply. The Special Master shall have 14 days to file the R&R.

      **IT IS FURTHER ORDERED** that the Executive Summary shall be due within 30 days of the Court's resolution of any Objections to the Post-Unitary Status AASSD and MASSD Plans, the ELL Plan, and the FACE Plan.

      Dated this 2nd day of December, 2019.

_____
Honorable David C. Bury
United States District Judge

---

[3] The Court asks the District to revise this document, not supplement it except for the requested excerpts from the other USP Plans which shall be attached. Revisions should be highlighted to facilitate review. The Court treats the District's Update to FACE Plan, December 2018, (Doc. 2154-1), as a status report.